WAMESIT POWER COMPANY *vs.* CHARLES H. ALLEN & others.

Middlesex.    Jan. 19. — May 6, 1876.    COLT & ENDICOTT, JJ., absent.

To constitute a legal taking by the city of Boston of the water of Sudbury River, under the St. of 1872, *c.* 177, the filing in the registry of deeds of a description of the stream taken, within sixty days from the time of such taking, as provided by the St. of 1846, *c.* 167, § 1, is requisite; and upon default therein the city is liable for damages in an action of tort.

The members of the Cochituate Water Board of the city of Boston can justify their acts by the authority of the city, in an action of tort brought against them, only to the same extent as the city might do.

The Cochituate Water Board of the city of Boston in the year 1872, after the passage of the St. of 1872, *c.* 177, authorizing the city, through the agency of the board "to take, hold and convey to, into and through said city all the water of Sudbury River," caused a dam to be built across the river, and a canal to be cut from it, by which a portion of its water was for several months diverted into Lake Cochituate. The city failed to file in the registry of deeds within sixty days from the time of the taking the description of the stream taken, as required by the St. of 1846, *c.* 167, § 1. *Held,* in an action of tort against the members of the board, that, even if their acts were authorized by the city, they became liable as trespassers, by reason of the default by the city in not filing the description required by the above named statute.

TORT for diverting the water of Sudbury River into Cochituate Lake in 1872, by the defendants, then the members of the Cochituate Water Board of the city of Boston. Writ dated November 20, 1873.

Trial in this court, before *Morton*, J., without a jury, who reported the case for the consideration of the full court. The facts appear in the opinion.

*B. F. Butler & L. M. Child*, for the plaintiff.

*D. E. Ware*, for the defendants.

MORTON, J.   This is an action of tort to recover damages for the diversion of the water of Sudbury River, to the injury of the plaintiff.   The defendants were the members of the Cochituate Water Board of the city of Boston for the year 1872.

To prove the diversion and its extent, the plaintiff put in evidence the report of the water board to the city council of Boston, for the year ending April 30, 1873, signed by all the defendants, by which it appeared that the board, having previously constructed an aqueduct or channel, on June 19, 1872, let the water of the Sudbury River into it, and diverted large quantities to Lake Cochituate between said June 19 and September 17, 1872, when the channel was closed, and has not since been used. The defendants admitted this taking and diversion of the water, and justified their acts under the St. of 1872, *c.* 177.

The first section of the St. of 1872 provides that " the city of Boston is hereby authorized, by and through the agency of the Cochituate Water Board, to take, hold and convey to, into and through said city" the water of Sudbury River.   The fifth section provides that the city shall be liable to pay all damages sustained by any persons by the taking of or injury to any land, water or water rights, or injury to any use or enjoyment of the water to which any person, at the time of such taking, is legally entitled ; and that in regard to such taking, injury and damages, the city and all persons claiming damages shall have all the rights and be subject to all the duties provided in the St. of 1846, *c.* 167.

The St. of 1846, in its first section, authorizes the city of Boston, through the agency of three commissioners, to take and convey into the city the waters of Long Pond and other ponds and streams, and to take any lands necessary for aqueducts and reservoirs, and provides that " the city of Boston shall, within sixty days from the time they shall take any lands or ponds or streams of water for the purposes of this act, file, in the office of the registry of deeds for the county where they are situate, a description

of the lands, ponds or streams of water so taken, as certain as is required in a common conveyance of lands, and a statement of the purpose for which taken, which said description and statement shall be signed by the said mayor." The sixth and eighth sections provide an exclusive remedy for any person injured by the taking of land, water or water rights, by a petition to the Court of Common Pleas, to be brought within three years from the taking of land, or, where water rights are taken, within three years from the time when the waters are actually withdrawn or diverted under the authority of the act.

The defendants contend that, under these provisions of the statutes, the only remedy of the plaintiff is by a petition to the Superior Court for an assessment of its damages against the city of Boston, and therefore that this action cannot be maintained. This would be true if the acts done by the defendants constituted a legal taking of the water of Sudbury River, by the city of Boston, under the St. of 1872.

But, among other facts, it appears that the city of Boston has never filed a description of the water or stream taken by the defendants, or a statement of the purposes for which it was taken. In January 1875 the city filed a description and statement of the taking of the water of Sudbury River under the St. of 1872, but it is clear that this statement does not refer to or legalize the diversion of the water in 1872 by the defendants. It recites an order of the city council, of which the date is not given, but which it is admitted was passed January 2, 1875, authorizing the Cochituate Water Board, as the agents of the city, to take the water of Sudbury River, and obviously was intended to be the description and statement of the water then taken, and not a description of a taking in 1872.

The statute requires the city, within sixty days from the time it takes any land or stream, to file a description of the land or stream taken, and a statement of the purpose for which it is taken, in the registry of deeds. Such filing is in the nature of a condition subsequent of the right to take. If the city would justify the taking of the land or water under the statute, it must show that it has complied with the statute. If it has failed to do so, its justification fails, and it is liable as a trespasser. Thus it was held in *Wilson* v. *Lynn*, 119 Mass. 174, which arose un-

der a statute similar to that we are considering, that the city of Lynn was liable in an action of tort in the nature of trespass, because the description of the land taken was not sufficiently definite to enable the landowner to identify it, and ascertain what land was taken.

In the case at bar, therefore, we are of opinion that the city of Boston, having failed to comply with the provisions of the statute, could not justify under it the diversion of the water of Sudbury River, proved by the plaintiff. The law gave it the right to take the water upon the condition that it should within sixty days file the proper description and statement. As it failed to perform this condition, the owner of land or water had the right, at least while the default continued, to regard the acts as trespasses, and to bring an action of tort.

Whether, if the city had filed the description before the action, though after the sixty days, the plaintiff's only remedy would have been a petition under the statute, we need not consider. It would seem from the case of *Moore* v. *Boston*, 8 Cush. 274, that he might maintain such petition if he so elected.

It follows that the defendants in this action are liable. If they did the acts proved without any authority from the city, they were acting in their own wrong, and were trespassers. If they were authorized by the city, they can justify their acts to the same extent as their principal can, and no further. It is therefore unnecessary to decide whether they were duly authorized by the city to divert the water. The plaintiff has a right of action against any person who diverts water, to which it is entitled, without a legal justification.

If the defendants are injured by the failure of the city to comply with the statute, and thus to justify their acts, their remedy, if any, is against the city.     *Judgment for the plaintiff.*