EDWIN S. SPAULDING, executor, *vs.* INHABITANTS OF
ARLINGTON.

Middlesex.   Jan. 8, 9. — April 8, 1879.   COLT & ENDICOTT, JJ., absent.

The St. of 1871, *c.* 245, authorized a corporation to take land for the purpose of
supplying the inhabitants of a town with pure water, directed that a description
of the land so taken should be filed in the registry of deeds within sixty days
from such taking, provided a mode of compensation to the owners of land so
taken, and authorized the town to purchase the franchise of the corporation.
The St. of 1873, *c.* 242, ratified the purchase by the town of the franchise of the
corporation, and contained provisions similar to those above stated. In 1872,
the town entered upon and flowed a parcel of land, assuming to act under the
St. of 1871, but filed no description of the land taken until after the passage of
the St. of 1873. After the filing of the description, the owner of the land taken
filed a petition under the St. of 1873, and was awarded damages, but the tribu-
nal, on the objection of the town, refused to admit evidence of the damages
sustained by him prior to the filing of the description. *Held*, that he was en-
titled to recover such damages, under the petition, and that he could not after-
wards maintain an action of tort therefor.

LORD, J.   This is an action of tort, brought by the plaintiff, as
executor of the will of Charles Harrington, to recover damages
for injury done to the testator's land by flowing the same, in the
summer of 1872; and the question presented for our considera-
tion is, whether the entry upon the land was a lawful entry for
the purpose of supplying the town of Arlington with water, as
authorized by the Legislature, and to be compensated for under
the provisions of the acts authorizing the entry; or whether the
entry was tortious, damages for which are recoverable in this
action.

It appears by the bill of exceptions that the town of Ar-
lington, on July 8, 1873, filed a location or taking of lands for
the purpose of collecting and securing a supply of pure water
for the inhabitants of the town of Arlington, which location in-
cluded the land of the plaintiff's testator to which the alleged
injury was done. The several acts under which the defendant
town claims to have taken the land provide a mode in which
compensation can be obtained by the owner of land so taken,
and for the recovery of all damages that shall be sustained by
any person "by the taking of any land, water, or water-rights,
or by the constructing of any aqueducts, reservoirs or other

works for the purposes aforesaid." Sts. 1871, *c.* 245, § 4; 1873, *c.* 242, § 4.

It appears further, that, under and by virtue of such provision, the present plaintiff applied to the Superior Court for an assessment of damages sustained by his testator, and upon due proceedings such damages were assessed. He contends, however, that such damages embraced only the value of the land on July 8, 1873, and the injuries subsequently sustained by reason of such taking upon that day; and that, inasmuch as the injury complained of in this action was done in the summer of 1872, and before the passage of the St. of 1873, under which he contends that the town acted, the damages sued for in this action were not properly recoverable under that proceeding, and that, such entry before the statute being wholly unauthorized, damages therefor can now be recovered in an action of tort. It further appears, that at such hearing he tendered evidence of the injury which he now sues for; that such evidence was objected to by the defendant town and rejected; and that the presiding judge, on the trial of this case, against the defendant's objection, instructed the jury, " that, if they found it to be true that said commissioners did not have evidence before them of said entry and the damages therefor, the judgment in said action is not a bar to the plaintiff's recovering in this action."

Strictly speaking, in form at least, the issue thus presented was an immaterial issue. The question, whether a judgment in one proceeding is a bar to another proceeding between the same parties, does not depend upon the question whether particular evidence was admitted, but depends upon the question whether the same issue was necessarily involved in the former proceeding as in the subsequent. Such issue may be involved, although no evidence was offered upon it. If, however, the ruling was technically wrong, but no injustice was done to the defendant by it, the court would not therefore feel obliged to order a new trial. This leads to the inquiry whether in the former proceeding the precise question which is in issue in this case was necessarily involved.

By reference to the legislation upon this subject, it will be seen that, by the St. of 1871, *c.* 245, the Arlington Lake Water Company was authorized to supply the town of Arlington with

pure water, and for that purpose to purchase or otherwise take land, water, or water-rights necessary for its accomplishment; and section 6 of that act provides that "the town of Arlington may, at any time after the passage of this act, purchase of said corporation its franchise and property, in the manner provided in chapter ninety-three of the acts of the year one thousand eight hundred and seventy." Between the passage of that act and the St. of 1873, c. 242, the town of Arlington had exercised this right of purchase, as appears by § 1 of the St. of 1873, which commences as follows: "The purchase of the franchise, property, rights and privileges, of the Arlington Lake Water Company, by the town of Arlington, and the transfer and conveyance thereof by said corporation to said town, is ratified and confirmed." It does not appear at what precise time such purchase was made. Inferentially, however, it does appear that it was made before the trespass complained of. The bill of exceptions states: "The plaintiff contended that the defendant entered upon the lands, damage to which is sued for, on or about the first of June, 1872, under the St. of 1871, c. 245, and so entered upon it by flowing it at this time, and afterwards by building a dam, but did not file in the registry of deeds any certificate of the taking of the land at that time, but did file a certificate, hereinafter set forth, of the taking of said land on July 8, 1873, and put in evidence tending to show the above facts." It thus appears that, when the town did the acts complained of, it did them claiming to act under the law, and as authorized by the law. The plaintiff, however, contends that the omission to file a location within sixty days from the time of so entering upon and taking the land avoided the legality of the act, and made the town a trespasser *ab initio*. In the view we take of the matter, we are not called upon to decide whether the provision as to the filing of the location is merely directory. It is certain, at least, that the plaintiff had the right to deem the taking to have been by authority of law, and to apply for an assessment of damages immediately upon the taking, and without reference to the question whether any location was filed. *Tower* v. *Boston*, 10 Cush. 235. The St. of 1873, confirming the purchase of the franchise of the Arlington Lake Water Company, contains also this provision: "And the acts of said town, and of its officers and agents, in execution of the purposes of this

act and of the acts to which this act is in addition, so far as the same may appear to be invalid from any want of authority on the part of said town, are authorized, ratified and confirmed."

We can have no doubt that all the proceedings of the town are to be taken to have been under and by virtue of the authority conferred by law. The provision of § 3 of the St. of 1873, that "said town shall, within sixty days from the time of taking any land as aforesaid, file in the registry of deeds for the southern district of the county of Middlesex, a description of the land so taken, sufficiently accurate for identification, and state the purpose for which it is taken," is, like many other provisions of the act, in its nature curative; and when filed, it fixes the liability of the town for all the damages which accrue to parties from the commencement of the enterprise. In *Tower* v. *Boston, ubi supra,* the right of the defendant to enter upon and use lands preliminary to the taking of the same, and the use of lands proper for that purpose, which are not described in the final location, are distinctly recognized; and the only claim which the party whose lands are so entered upon has for compensation is under the provisions of such act, and no action of tort can be maintained therefor.

The objection that the St. of 1873, thus construed, takes away the right of the plaintiff which was vested in him by the failure to file a location within sixty days, cannot prevail. It takes away no right. It simply changes the remedy; and it will be observed that the remedy provided by the St. of 1873 is widely different from the remedy provided by the St. of 1871. By the St. of 1871, the remedy is to be such as is provided by law in respect to land taken for highways. By the St. of 1873, the remedy is by application to the Superior Court for the appointment of commissioners to assess the damages, with the right in the dissatisfied party to claim a jury. There is no vested right in any person in any particular remedy, but remedies are subject to be modified or changed by the Legislature. The plaintiff, having proceeded upon the remedy provided by the statute, had the right to cause all the damages sustained by his testator, whether in taking land or in injuring land not taken, to be assessed. Every damage, therefore, sustained by him, by reason of the taking, was directly in issue before that tribunal. If

any proper element of damage was excluded by such tribunal, his remedy was, first, by petition for a jury, and, if before a jury evidence of such claim was rejected, by exceptions to this court. The mere fact that evidence competent upon the issue was rejected is no ground for another suit for additional damages. We think, therefore, that the whole extent of his claim for damages, by reason of any and of all acts done by the town in prosecuting their work, has once been tried, and that the present action cannot be maintained.                         *Exceptions sustained.*

*T. H. Sweetser & J. H. Hardy*, for the defendant.
*C. Robinson, Jr.*, for the plaintiff.