## WILLIAM G. LEWIS *vs.* CITY OF BOSTON.

Middlesex.   January 19. — February 9, 1881.   MORTON, J., absent.

The recovery of a judgment, which has been satisfied, upon a petition under the
St. of 1872, *c.* 177, for the taking of land by a city, for the purpose of connect-
ing the waters of Sudbury River with Lake Cochituate, is a bar to an action of
tort against the city for injury to the same land, done before the city had filed
a statement and description of the land taken under the statute.

TORT for breaking and entering the plaintiff's close in Fram-
ingham, and flowing the same with water, on September 22,
1873.   Writ dated July 23, 1879.   Answer, that the acts alleged
were done in pursuance of the power conferred upon the defend-
ant by the St. of 1872, *c.* 177, and that the plaintiff had recov-
ered full damages for the defendant's acts in the manner provided
by said statute.   The case was submitted to the Superior Court,
and, after judgment for the defendant, to this court, on the plain-
tiff's appeal, on agreed facts, which, after stating that the plead-
ings might be referred to, proceeded in substance as follows :

The plaintiff is, and ever since 1871 has been, the owner in fee
simple and in possession of certain land in Framingham, border-
ing on Sudbury River.   In the summer of 1872, after the passage
of the St. of 1872, *c.* 177, the defendant, by the Cochituate
Water Board, proceeded, without making any written taking, to
connect the waters of Sudbury River with Lake Cochituate, for
the purposes named in said act.   To effect this, the defendant
built, and ever since has maintained, a dam across Sudbury
River, at a point about fifty-two hundred feet below the plain-
tiff's land.   This dam caused the water to set back and over
flow the plaintiff's land at times between September 22, 1873,
and March 16, 1875, thereby damaging the grass thereon in the
summer of 1874.

On March 16, 1875, the defendant prepared a statement and
description of land taken under said act, including all the land
described in the plaintiff's declaration, and, within sixty days
thereafter, filed the same in the proper registry of deeds.

On March 7, 1878, pursuant to the St. of 1872, *c.* 177, the
plaintiff and Mary A. D. Lewis applied by petition to the Su-
perior Court for the assessment of damages for taking all their

land described in the said statement and description of March 16, 1875, upon which petition they recovered, and judgment therein has been satisfied.

If, upon these facts, the action could be maintained, judgment was to be entered for the plaintiff for $100; otherwise, judg-ment for the defendant.

*C. F. Kittredge*, for the plaintiff.

*E. P. Nettleton*, for the defendant.

SOULE, J. The injury for which the plaintiff seeks to recover damages resulted from the action of the defendant in connecting the waters of Sudbury River with Lake Cochituate, for the pur-pose of increasing the water supply of the defendant city. Au-thority to make this connection was given by the St. of 1872, *c.* 177, which provided a method by which all injury sustained by any person from the action of the city under the statute, might be ascertained and recovered. The plaintiff has made his petition in accordance with the provisions of the statute, has re-covered judgment for his damages, and the judgment has been satisfied. He contends, however, that he is entitled to recover in this action of tort, because the acts of which he now com-plains were done in the year 1873, and the defendant had not then filed, and did not file until March 1875, the statement and description of land taken under the act, which statement the statute requires to be filed in the registry of deeds within sixty days from the time of the taking.

It is undoubtedly true that, if the city had never filed the required statement and description, it would have been a tres-passer in flowing the lands of the plaintiff, and liable to him in an action of tort for the damage done. *Wilson* v. *Lynn*, 119 Mass. 174. *Wamesit Power Co.* v. *Allen*, 120 Mass. 352. It is equally true that, when the plaintiff filed his petition under the statute for the recovery of the damages sustained by him through the action of the city thereunder, he was entitled to recover in the proceedings thus instituted compensation for all the injury which he had sustained at any time from the action of the city under, or purporting to be under, the authority given by the statute. *Moore* v. *Boston*, 8 Cush. 274. The recovery is not limited by the act to injury sustained within three years before the filing of the petition. The only limitation is that the petition be filed

within three years after the taking, which term begins with the filing of the statement and description in the registry of deeds. The injury now complained of being a proper subject of inquiry before the tribunal which determined the matter of the plaintiff's petition under the statute, he cannot be permitted to recover damages therefor, on the ground that it was not in fact inquired into and determined. The cause of action was one, and the plaintiff cannot divide it into two parts, for adjudication by two distinct tribunals. The judgment on his petition under the statute concludes him as to all questions of damage through the action of the city under the statute. In the recent case of *Spaulding* v. *Arlington*, 126 Mass. 492, although it appeared that the plaintiff at the hearing of his petition under the statute was not permitted to introduce evidence offered of injury sustained through action of the town more than sixty days before the statement and description of land taken were filed in the registry of deeds, it was held that he was entitled to recover damages for such injury under that petition, and that he could not afterward maintain an action of tort therefor. The doctrine of that case covers the case at bar, and it stands on satisfactory reasons.                                    *Judgment affirmed.*