MARY A. WARREN *vs.* SPENCER WATER COMPANY.

Worcester.   October 7. — 23, 1886.   DEVENS & W. ALLEN, JJ., absent.

The St. of 1882, *c.* 119, § 2, authorized a water company to take and hold any real estate necessary for laying and maintaining aqueducts and pipes, and to lay its water pipes through any private lands, with the right to enter upon the same and dig therein for that purpose. Section 3 provided that "said corporation shall, within sixty days after taking any land under the provisions of this act, file and cause to be recorded in the registry of deeds . . . . a description of any land so taken, sufficiently accurate for identification, with a statement of the purpose for which it is so taken, and shall also notify the owner of any such land of the taking thereof; and the title of the land so taken shall then vest in said corporation." The corporation filed in the registry of deeds a plan, purporting to show the location of the "pipe line," and containing a declaration that the corporation "has taken for the purpose of laying its main pipes the

lands of" certain persons named, "which lands are described as on the above plan." The plan showed the courses and distances of the line through tracts of land which were marked with the names of the supposed owners. The point on a certain pond where the line began, the other terminus of the line, and the points where the line crossed the boundaries of the land of the persons named, were not defined with reference to monuments, or distances from monuments; and the width of the line was not defined, although the plan had on it "14 inch pipe from pond to Main Street." There was no declaration on the plan that the waters of any pond, brook, or river had been taken. *Held*, that the location was invalid.

If a water company is authorized to take land for the purpose of laying its pipes, by a statute which prescribes the remedy for a person injured thereby, and the company does not comply with the requirements of the statute by filing a description of the land taken "sufficiently accurate for identification," a woman through whose land pipes are laid is not estopped to deny the sufficiency of the description by the fact that a petition (which was afterwards discontinued) to have the damages assessed for the taking was brought, under the statute, with her knowledge, in the name of her husband; nor is she to be considered as having thereby waived her right to bring an action at law against the company for the trespass.

TORT, in two counts. The first count was for breaking and entering the plaintiff's close in Leicester, and, among other things, laying water pipes therein. The second count was for diverting the water of an ancient watercourse, which had been accustomed to flow through said close, and to furnish water for the cattle pastured therein. Writ dated February 14, 1885. The answer alleged that the acts complained of were done by virtue of the authority conferred upon the defendant by the St. of 1882, c. 119.*

---

* Section 1 of this act incorporates the Spencer Water Company, for the purpose of furnishing the inhabitants of Spencer with water, for the extinguishment of fires, and for domestic and other purposes.

Section 2 is as follows : " Said corporation may take, hold, and convey into and through the town of Spencer, or any part thereof, so much of the waters as may be necessary for carrying out the purposes of this act of any natural pond, brook, or river within the limits of said town of Spencer, or of Shaw Pond in the town of Leicester ; and may take and hold by purchase or otherwise any real estate necessary for the preservation and purity of the same, or for forming any dams or reservoirs to hold the same, and for laying and maintaining aqueducts and pipes for distributing the waters so taken and held ; and may lay its water pipes through any private lands, with the right to enter upon the same and dig therein for that purpose, and for the purpose of making all necessary repairs."

Section 3 is as follows : " Said corporation shall, within sixty days after taking any land under the provisions of this act, file and cause to be recorded

At the trial in the Superior Court, before *Knowlton*, J., it appeared that the defendant in 1882 constructed its works for supplying Spencer with water, and, in doing so, crossed the land of the plaintiff with its pipes. It also appeared that, on January 22, 1883, the defendant turned the water of Shaw Pond into its pipes, and that, since that time, a portion or all of the water had been diverted from the brook, which had previously flowed from said pond through the plaintiff's land.

The only record ever made by the defendant company, and its only formal proceeding in the premises, consisted of its filing, in the registry of deeds, on November 23, 1882, a plan, with a declaration thereon, the nature of which is stated in the opinion.

It further appeared, that on November 14, 1882, the defendant filed a paper with the county commissioners of Worcester county, representing that, in constructing its waterworks, it had entered upon and taken, under the St. of 1882, *c.* 119, the waters and lands of certain persons named; and that it had failed to agree with them as to the amount of their damages, and requesting the county commissioners to assess them. Among the names mentioned was that of Horace Warren, the husband of the present plaintiff, but the plaintiff's name did not appear. Notice was given to the persons named, a hearing was had, at which Horace Warren was present, and $50 was awarded to him.

It further appeared, that on September 10, 1883, a petition was filed in the Superior Court, in the name of Horace Warren, setting forth the doings of the county commissioners, alleging that the petitioner was aggrieved thereby, and praying for a jury to assess his damages. The petition was continued from term to term, and, at March term, 1885, the petitioner became nonsuit.

Horace Warren testified that the plaintiff owned the land in question, adjoining the farm of the witness, where he and his

---

in the registry of deeds for the county of Worcester a description of any land so taken, sufficiently accurate for identification, with a statement of the purpose for which it is so taken, and shall also notify the owner of any such land of the taking thereof; and the title of the land so taken shall then vest in said corporation. Any person injured in property by any act of said corporation, and failing to agree with said corporation as to the amount of damages, may have the same assessed and determined in the manner provided when land is taken for highways."

wife lived, and that it was used as a pasture in connection with said farm; that he knew of the charter of the Spencer Water Company, and that the company was acting under it; that he knew of the entry on the land, and, during part of the operations of the company thereon, worked in hauling material for it across this land; that it was generally known in the vicinity that the county commissioners were having a hearing on damages; that the witness was notified, and was present on the adjoining land and at the county commissioners' office, and was asked by them about this lot; that he told them that the water had been taken from it, as the brook crossed a corner of it, and he did not know whether he claimed any damages then, because there was pending an arrangement between him and the president of the company about supplying water to the pasture from the pipe line.

The witness further testified, that he did not authorize the petition which was brought in his name in the Superior Court.

The plaintiff testified that she knew, by hearsay, of the existence of the proceedings of the Spencer Water Company, and saw some men at work when riding by, and never objected, nor forbade them; and that she did not mean to be understood that she did not know they were taking the water. She further testified that she told the attorney who brought the petition to bring it, and that she did not know, for a long time, that it had been brought in the name of her husband.

H. O. Smith, attorney at law, testified that he filed the petition in the Superior Court; that he was counsel for Mr. Warren before the county commissioners, and the fact of the adjudication by the county commissioners was known to him, as attorney; that he had a talk about the damage with Mr. and Mrs. Warren; that he went to the brook and saw it and the pipe line, and saw what the Spencer Water Company had done, and talked over the matter of bringing the suit; and it was in consequence of that conversation, and perhaps of some conversation later, that the suit was brought.

The defendant requested the judge to instruct the jury as follows: "1. The evidence in the case relating to the proceedings, both before the county commissioners and the Superior Court, to have the damages sustained by the owner of this land assessed,

brought in the name of Horace Warren, establishes a waiver by the plaintiff of all right to set up irregularities or insufficiencies in the proceedings of the defendant under its charter; and this is not a question for the jury. 2. The uncontradicted testimony from the plaintiff and her husband, as to the filing of a petition by her attorney in the Superior Court, in the name of Horace Warren, establishes a waiver of her right to maintain this action on the ground of irregularities or insufficiency of the proceedings of the defendant corporation under its charter; and this is not a question for the jury. 3. The evidence shows a legal and sufficient taking of the water, and of the right in the plaintiff's land to lay and maintain the pipe line; and therefore this action cannot be maintained."

The judge declined so to rule, and instructed the jury that no such taking of the plaintiff's land, and record thereof, and notice to the plaintiff, were shown in the case as would relieve the defendant from liability in an action of tort for digging a trench and laying its pipes through it, and that the turning of the water of Shaw Pond by the defendant's servants into its pipes, in the absence of any other act or proceeding of the corporation in relation thereto, was not such a taking of the water or of water rights under the statute as would preclude the plaintiff from maintaining an action of tort for the diversion of the water from the brook running through her pasture.

The judge further left the question of waiver to the jury, with instructions directing their attention, among other things, to the question, of what knowledge, if any, the plaintiff had, while the petition was being prosecuted, of the methods adopted by the defendant in the attempted taking of her land and water.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. S. B. Hopkins*, (*H. W. King* with him,) for the defendant.

*J. Hopkins*, (*H. O. Smith* with him,) for the plaintiff.

FIELD, J. The defendant, on November 23, 1882, filed in the registry of deeds for the county of Worcester a plan, with a declaration thereon. The plan purports to show the location of the " pipe line," and the declaration is, that the company " has taken, for the purpose of laying its main pipes, the lands of " certain persons who are named, " which lands are described as on the

above plan." The plan shows the courses and distances of the line through tracts of land which are marked with the names of the supposed owners, the plaintiff's land being marked with the name of Horace Warren, her husband. Neither the point on Shaw Pond where the line begins, nor the other terminus of the line, nor the point where the line crosses the respective boundaries of the land of the persons named, is defined with reference to monuments or distances from monuments. The width of the line is not defined, although the plan has on it, "14 inch pipe from pond to Main Street," &c., which includes the pipe through the plaintiff's land. There is no declaration on the plan that the waters of any pond, brook, or river have been taken.

We are of opinion that this location is invalid. The description is not "sufficiently accurate for identification," within the St. of 1882, c. 119. We do not see how the line of the location can be ascertained from the plan and description, except, possibly, by a very complicated process of computation, from the size and shape of the different lots, that a line of a certain length and running a certain course must cut the respective boundaries of the lots at certain points. It was the intention of the statute that the company should file a description of the land taken so accurate that the landowners could ascertain from it the situation and boundaries of the part of their land which had been taken; and this, we think, has not been done. See *Wilson* v. *Lynn*, 119 Mass. 174; *Wamesit Power Co.* v. *Allen*, 120 Mass. 352; *Housatonic Railroad* v. *Lee & Hudson Railroad*, 118 Mass. 391.

As the location was invalid, the plaintiff's proper remedy for the acts of the defendant was an action of tort. It may be that, if the plaintiff had filed her petition to have her damages assessed under the St. of 1882, the defendant, if it had actually laid its pipes through the plaintiff's land, would have been estopped to deny that the description which it filed was valid, and that it had acted under this statute; but, if such an equitable estoppel could be invoked, it would be only against the company and in favor of a landowner who had filed his petition in accordance with the statute. It may also be true, that a petitioner, who had recovered final judgment upon the merits of his petition, would, by that judgment, be barred from maintaining an action

for the same damages, or for any damages which could have been recovered under his petition. But it may well be doubted whether the case at bar resembles those cases where the plaintiff may elect to avoid or affirm a contract, or to ratify or disavow an act done on his behalf, and where the institution of a suit which necessarily implies that the contract is affirmed or the act ratified, if the suit is brought with full knowledge of all the material facts, is held to be a waiver of the right to avoid the contract, or to disavow the act, and defeats an action subsequently brought on these grounds.

In *Butler* v. *Hildreth*, 5 Met. 49, 52, the court say : " The case where a party is not barred, by a judgment of nonsuit, from having a new action, is where he has either mistaken his remedy, and brought an action which he could not maintain; or where he has two collateral, independent remedies, in which an assertion of one is not repugnant to the existence of the other." See *Sears* v. *Carrier*, 4 Allen, 339 ; *Connihan* v. *Thompson*, 111 Mass. 270. If this plaintiff had elected to proceed under the statute, and had filed her petition, this election would not make the taking by the defendant valid for all purposes. She could not waive, in behalf of the defendant, its neglect to comply with the requirements of the statute, and thereby put the defendant in the same position as if it had obeyed the commands of the Legislature.

But it is unnecessary to determine whether, if the petition to the Superior Court had been brought in her name, it would have defeated this action. It was brought in the name of her husband, and, as he had no title to the land, could not have been maintained. It is suggested that she could have been made the party plaintiff by amendment in the Superior Court, but this is doubtful, and, in fact, she never asked for leave to make any such amendment ; and no such amendment was ever made.

The intention that this petition should have been brought in her name, or should be prosecuted for her benefit, is not, under any view of the law, such a decisive act as to bar the plaintiff from proceeding according to her real rights. The instruction upon the question of waiver was sufficiently favorable to the defendant. *Exceptions overruled.*