LEXINGTON PRINT WORKS *vs.* INHABITANTS OF CANTON
& others.

Norfolk.    December 13, 1897. — June 22, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Taking of Water by Town — Curing Defect in Taking — Equity —*
*Assessment of Damages.*

A person who brings a bill in equity against a town and its water commissioners, to restrain an interference with his rights and for damages by reason of a defective taking of water, is not obliged, because the defect is cured subsequently, to have his damages assessed under the statute which authorizes the taking, but is entitled to have the bill retained for an assessment of all damages which he has sustained down to the filing of the same.

BILL IN EQUITY, filed May 26, 1896, against the inhabitants of Canton and its board of water commissioners, to have the acts of the defendants in taking or claiming to take the waters of Beaver Brook and its tributaries, and of York Pond and its tributaries, in the towns of Canton and Stoughton, and in filing an instrument descriptive of such taking, declared to be void, and to enjoin the defendants from further diverting the waters above named; and also for damages. After the former decision, the case came on to be heard, upon the pleadings and the plaintiff's motion for the appointment of a master to assess the damages, before *Knowlton*, J., who ordered the appointment of a master; and reserved for the consideration of the full court the question as to what rule should be adopted in the assessment of damages. The facts appear in the opinion.

The case was argued at the bar in December, 1897, and afterwards was submitted on briefs to all the justices.

*B. N. Johnson & W. N. Buffum*, for the plaintiff.

*T. E. Grover*, for the defendants.

MORTON, J. After the former decision in this case, reported 167 Mass. 341, in which it was held that the taking under the instrument filed in the registry of deeds on October 12, 1894, by the water commissioners was void, the commissioners filed another certificate on March 30, 1897, in which the quantity taken

was stated as half a million gallons daily, being the amount speci-
fied in the vote of the town.   The plaintiff does not contest the
legality of this last certificate, or of the taking thereunder.   The
defendants have filed a supplemental answer setting it up, and
contends that for all damages caused by taking half a million gal-
lons daily, as well before as after the filing of the last certificate,
the plaintiff's remedy is by petition in the manner prescribed in
the acts authorizing the taking, which is the same as that where
land is taken for the laying out of highways.   St. 1885, c. 95,
§ 4.   St. 1886, c. 168.   The plaintiff contends that it is entitled
to have all the damages which it sustained up to the time of
bringing this bill assessed in this suit.   These contentions pre-
sent the principal, if not the only question in the case.

It is to be assumed that the defendants intended to proceed in
accordance with the acts authorizing them to take the water for
public uses.   The plaintiff does not indeed controvert this.   The
only defect in the condemnatory proceedings was that the certifi-
cate omitted to state the quantity of water taken.

It is clear that after the filing of the last certificate the plain-
tiff could not have maintained an action of tort for the diversion
of the amount named in it prior to the time of such filing.   *Moore*
v. *Boston,* 8 Cush. 274.   *Spaulding* v. *Arlington,* 126 Mass. 492.
*Lewis* v. *Boston,* 130 Mass. 339.   It is also clear that after an ac-
tual taking, and before the filing of a certificate, the plaintiff could
have maintained a petition for the assessment of its damages which
would have included past and future damages.   *Moore* v. *Boston,*
*ubi supra.*   Still further, it is clear that, if no certificate had
been filed, or if the defendants had chosen to rely upon an insuffi-
cient one, the plaintiff would have been entitled to an injunc-
tion restraining the diversion, or to maintain an action of tort
for the damages caused thereby.   *Wamesit Power Co.* v. *Allen,*
120 Mass. 352.   *Lund* v. *New Bedford,* 121 Mass. 286.   *War-
ren* v. *Spencer Water Co.* 143 Mass. 9.   *Hollingsworth & Vose
Co.* v. *Foxborough Water Supply District,* 165 Mass. 186.

This case, however, is unlike any of those thus described, and
more nearly resembles that of *Woodbury* v. *Marblehead Water
Co.* 145 Mass. 509.   When the bill was filed, the plaintiff was
entitled to relief under it.   Since the filing of the bill, the de-
fect in the original certificate filed by the defendants has been

cured. The plaintiff therefore no longer has any just ground for the issuing of an injunction to restrain the diversion of the water. But, speaking generally, jurisdiction in equity is fixed if the plaintiff is entitled to relief at the time of the bringing of the bill, and the court will retain the bill and administer a remedy in damages if that is appropriate, where the plaintiff loses his right *pendente lite* to purely equitable relief without fault on his part through some action on the part of the defendant. *Milkman* v. *Ordway*, 106 Mass. 232. *Woodbury* v. *Marblehead Water Co.* 145 Mass. 509. *Brande* v. *Grace*, 154 Mass. 210. *Case* v. *Minot*, 158 Mass. 577, 588, 589.

The defendants contend that this doctrine is not applicable to this case, and that the cases of *Moore* v. *Boston, Lewis* v. *Boston,* and *Spaulding* v. *Arlington, ubi supra,* are inconsistent with it. It is true that the statutes which authorize the taking provide a method for the assessment of damages. But we think that this does not take away any remedy which the plaintiff may have for what turns out to be a wrongful interference with his rights, though done under a supposed statutory authority, provided he seasonably avails himself of such remedy. If, after a defective taking has been cured by a valid taking, or if, after a taking valid in all respects except that the certificate was not filed within the proper time, the party aggrieved by such taking brings a petition, in the manner provided by statute, for the recovery of his damages, it well may be held that all damages to which he is entitled should be assessed in such proceedings. Such are the cases of *Lewis* v. *Boston* and *Spaulding* v. *Arlington.* So also, if, after an actual taking, the party aggrieved thereby files a petition for the assessment of his damages, it well may be held that the defendant should not be permitted to defeat his right to recover, because it had not filed, after the taking, within the time fixed, the certificate required. Such is the case of *Moore* v. *Boston.* But we find no reason, either in these cases or in the nature of the condemnatory proceedings, for holding that a party who has seasonably brought his bill to prevent an interference with his rights, which is unlawful because the defendant has failed to comply with statutory requirements in regard to the taking, should be compelled, because the defect is subsequently cured, to have his damages

for such unlawful interference assessed under the statute which authorizes the taking. It is argued that the rule of damages might be different in such a case from what it would be under the statute, but we do not find it necessary to decide that now.

The result is, that a majority of the court think that the case should stand for hearing in regard to all damages which the plaintiff has sustained down to the filing of the bill.

*So ordered.*