### Thomas S. Lunt vs. City of Newburyport.

Essex.    October 22, 1915. — May 16, 1916.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Eminent Domain,* Validity of taking.    *Water Supply.    Newburyport.*

The taking by the city of Newburyport under St. 1908, c. 403, for the purposes of its water supply, by an instrument in writing filed and recorded in the registry of deeds, of "The right to flow to an elevation not exceeding twenty feet above mean low water in the Merrimac River such of the lands [described] as will be flowed as a result of the maintenance of such a dam" upon the above described parcel of land gives a sufficiently accurate description of the right to flow to make the taking valid.

Tort in the nature of trespass *quare clausum fregit* against the city of Newburyport for forcibly entering the plaintiff's close in the town of West Newbury described in the declaration and causing it to be overflowed with water.    Writ dated March 17, 1915.

The defendant in its answer alleged that the acts complained of by the plaintiff were done by the defendant through its board of water commissioners by right of eminent domain exercised on September 21, 1914, under authority of St. 1908, c. 403, by a taking filed and recorded in the registry of deeds; that "the plaintiff's land described in the declaration is situated by the Artichoke River or a tributary thereof between the Plummer Spring Road and the Turkey Hill Road in West Newbury, and that a portion of said land along said river or its tributary is below the elevation of twenty feet above mean low water in the Merrimac River; that the acts done by the defendant on the lands of the plaintiff, as alleged in the declaration, have been confined to those portions of said land which lie below the aforesaid elevation of twenty feet, and consist merely of flowing part of said land and removing therefrom certain trees, bushes and other matter in pursuance of the aforesaid taking and in the exercise of the rights acquired thereby, said acts having been deemed proper by the defendant's board of water commissioners and designed to carry out the purposes of the aforesaid St. 1908, c. 403."

A copy of the taking was annexed to the answer, containing with

the rest of the instrument the words of description of the right to flow which are quoted in the opinion.

The plaintiff demurred to the answer, setting forth as grounds of demurrer the following:

"1. That the answer does not state a legal defence to the plaintiff's declaration substantially in accordance with the rules contained in R. L. c. 173, and amendments thereto.

"2. That the alleged instrument of taking set forth in the defendant's answer does not contain a description of the plaintiff's lands alleged to be taken by virtue of St. 1908, c. 403, sufficiently accurate for identification."

In the Superior Court the case was heard upon the demurrer by *McLaughlin*, J., who ordered that the demurrer be sustained, and, being of opinion that this ruling and order ought to be determined by this court before any further proceedings in the Superior Court, reported the case for such determination. It was agreed that, if the order was wrong, the demurrer was to be overruled and the case was to stand for trial; otherwise, a default was to be entered and the case was to stand for hearing on the assessment of damages unless the defendant should within thirty days from the filing of the rescript file an amended answer, leave to file such answer in that event being given.

*J. J. Gaffney*, for the plaintiff.

*R. G. Dodge*, (*H. S. Davis* with him,) for the defendant.

LORING, J. No more accurate description of a right to flow lands could be made than the one made in the case at bar, namely: "The right to flow to an elevation not exceeding twenty (20) feet above mean low water in the Merrimac River such of the lands [described] as will be flowed as a result of the maintenance of such a dam" upon the above described parcel of land.

The only doubt as to the validity of such a description comes from the question of its giving or rather not giving sufficient information to the owner of the amount of land covered by the description. It is plain that unless the owner waits until the water is turned on and reaches the elevation in question, he cannot know without the aid of a surveyor how much of his land is taken. It was said by this court in *Hinkley* v. *Hastings*, 2 Pick. 162, 164, that "a street ought to be laid out with certainty, so that a surveyor may be able to make a plan of it." And there is authority out-

side the Commonwealth for the proposition that a description is sufficiently certain if it can be laid out on the land by a surveyor. *Smith* v. *Claussen Park Drainage & Levee District,* 229 Ill. 155. *Conaway* v. *Ascherman,* 94 Ind. 187. But the sufficiency of the information given to the owner of the land and the validity of the description in all its aspects is concluded by the decision of this court in *Burnett* v. *Commonwealth,* 169 Mass. 417. In that case the description held to be valid was: "the right . . . to fill said lands to grade two hundred and fifty-one (251) above the datum known as the Boston Water Board Datum, with material excavated from other lands of said Commonwealth." The plaintiff has sought to escape from the effect of that decision by suggesting that the statement of the taking set forth in the opinion at pages 421, 422 is not a statement of the whole taking, and that the part of the taking in question in that case was helped out by the rest of the taking. But it is evident from the report of the case that that is not so, and this is confirmed by a reference to the original papers. The takings which were held invalid in *Wilson* v. *Lynn,* 119 Mass. 174 and in *Warren* v. *Spencer Water Co.* 143 Mass. 9, bear no resemblance to the taking in question in the case at bar. Under these circumstances it is not necessary to point out in detail what those descriptions were. We have examined all other cases relied upon by the plaintiff and find nothing in them which requires special notice.

By the terms of the report the order sustaining the demurrer must be reversed, an order overruling the demurrer must be entered and the case is to stand for trial. It is

*So ordered.*