GEORGE M. ROSEN & others *vs.* LOUIS B. MAYER & another.

Suffolk.   March 29, 1916. — June 21, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Jurisdiction,* Retention of suit for damages only.   *Damages,* In equity.

A bill in equity by the purchaser of all of the shares of the capital stock of a corporation operating a theatre alleged that the sale was induced by fraud of the seller in various respects and sought a rescission of the sale, repayment of the purchase price, an injunction restraining negotiation of notes given for part of the price and their cancellation, and the assessment of damages.   The defendant opposed rescission when the suit was brought.   During ten months while the suit was pending, the plaintiff carried on the business of the corporation and made the enterprise successful.   The judge who heard the suit found that the sale was induced by fraud of the defendant in a certain particular, and, at the request of the plaintiff, who elected to waive the prayers of the bill relating to rescission, retained the suit for the awarding of damages only and found for the plaintiff in the sum of $1,000.   *Held,* that, the court having had jurisdiction in equity when the suit was brought, the judge in a proper exercise of his discretion might retain it solely for the assessment of damages, and that his discretion was not exercised improperly.

DE COURCY, J.   The plaintiffs, on April 4, 1914, purchased from the defendant, Louis B. Mayer (herein called the defendant), all the shares of capital stock in the Orpheum Theatre Company, and paid therefor $2,750 in cash and $4,000 in promissory notes secured by the stock as collateral and maturing apparently on November 5, 1914, January 5, 1915, and April 5, 1915.   The bill of complaint was filed on July 1, 1914.   It alleged that the plaintiffs had been induced to purchase the shares by means of certain false and fraudulent representations of the defendant; and prayed, among other things, for a rescission of the sale, repayment of the purchase price, cancellation of the notes, assessment of damages, and a temporary injunction to restrain the negotiation of the promissory notes and stock certificates.   The trial judge * on April 28, 1915, found that the defendant did fraudulently misrepresent what the income of the business was during some months before the sale, and that this constituted an inducement to the plaintiffs to purchase.   As they had carried on the business pending the

---

* *McLaughlin, J.*

litigation, and had made the enterprise a successful one, the plaintiffs, at the hearing, disclaimed a desire to have the transaction rescinded; and the judge found for them in damages.[*]

The defendant has waived his right to have a report of the evidence made part of the record, and the only question raised by his appeal is whether the final decree is warranted by the pleadings and the facts found by the trial judge. *Huntress* v. *Allen*, 195 Mass. 226, 233. *E. W. Burt & Co. Inc.* v. *Coes & Young Co.* 212 Mass. 134. His sole contention before us is that the court did not have power to retain the bill merely for the assessment of damages, after the plaintiffs had abandoned their claim for relief by way of rescission.

The bill, as originally filed, admittedly presented a proper claim for equitable relief; and upon the court's findings of fact a rescission properly could have been granted. The plaintiffs had a right to relief in equity if only to prevent the negotiation of the notes to a *bona fide* holder. *Brown* v. *Statter*, 206 Mass. 119. Jurisdiction in equity was fixed when they brought their bill in good faith seeking the equitable relief to which they were entitled. *Lexington Print Works* v. *Canton*, 171 Mass. 414. That jurisdiction was not lost when the court proceeded to award damages as the remedy adapted to the case under the circumstances then existing. It is the general practice of our courts, where a plaintiff without fault on his own part, fails of specific equitable relief to which originally he was entitled, to retain jurisdiction of the cause in equity for the purpose of assessing damages. *Milkman* v. *Ordway*, 106 Mass. 232. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 47, and cases cited. This practice is not confined to cases where the relief sought is prevented by act of the defendant, as in *Stewart* v. *Joyce*, 201 Mass. 301. In many instances the change of circumstances arising from the lapse of time, renders the specific relief unsuitable or inequitable. *Brande* v. *Grace*, 154 Mass. 210. *Case* v. *Minot*, 158 Mass. 577. *Lexington Print Works* v. *Canton, ubi supra. DeMinico* v. *Craig*, 207 Mass. 593. *Wentworth* v. *Manhattan Market Co.* 216 Mass. 374.

The fact that the plaintiffs waived their prayer for rescission did not prevent the court from awarding damages in the exercise of a sound discretion. See *Hanson* v. *Innis*, 211 Mass. 301;

[*] In the sum of $1,000.

*Nickerson* v. *Bridges*, 216 Mass. 416, 421. Plainly there was no abuse of discretion on the part of the judge in retaining the bill for that purpose. The last note admittedly was not paid until after the hearing on the merits. The defendant had opposed rescission when the bill was brought, and when that remedy presumably would have been adequate. Months later, when the efforts of the plaintiffs had resulted in increasing the value of the stock, the judge well might believe that in the interest of justice they and not the defendant should reap the profit of their enterprise, and that they should recover the damages resulting from the defendant's fraudulent misrepresentation without the delay and expense of another action.

*Decree affirmed with costs.*

*A. Berenson,* for the defendant Mayer.

*Lee M. Friedman, M. M. Horblit & J. Wasserman,* for the plaintiffs, were not called upon.