PARKMAN M. LUND vs. CITY OF NEW BEDFORD.
SIMEON HAWES & others vs. SAME.

Bristol.    Oct. 25. — Nov. 29, 1876.    DEVENS & LORD, JJ., absent.

To constitute a legal taking by the city of New Bedford of the water of Acushnet
River, under the St. of 1863, c. 163, the filing in the registry of deeds of a state-
ment of the fact of such taking and a description of the water taken, as provided
by an ordinance of said city, passed in pursuance of that statute, is requisite; and
upon default therein the city is liable for damages in an action of tort.

The owner of a mill privilege which is in the exclusive possession of tenants, above
whose dam a city, having constructed permanent conduits, is constantly withdraw-
ing large quantities of water, under a claim of right, to the injury of the mill
privilege, may maintain an action of tort for the injury to his reversion, without
proof of actual damage.

TWO ACTIONS OF TORT for diverting the water of Acushnet
River by the defendant into its conduit, on December 15, 1869,
and thereafter, above the plaintiffs' dam.    Writs dated February
26, 1875.

At the trial in this court, before *Colt*, J., it appeared that the
plaintiff in the first action was the legal owner of a mill and mill
privilege on the Acushnet River, which privilege had existed for
a great many years, and was in existence in 1812 and before;
and that the plaintiffs in the second action were partners in the
mill business, and jointly possessed, occupied and operated the
mill and privilege since October 11, 1869, at which time the
plaintiff Lund gave to each of them a bond for a deed of an
undivided part of the mill premises, in which he agreed, under
certain conditions, to convey to them, reserving "one eighth
part of the damage that may be obtained from the New Bed-
ford Waterworks."    The conduit supplied the waterworks of the
defendant city.    The defendant had constructed a dam which
was above the plaintiffs' mill, for raising a pond as a storing res-
ervoir for the waterworks, and the water was taken from this
dam by the conduit of the defendant.    The dam in question was
provided with a roll-way for waste water.

The plaintiffs offered evidence tending to show that their mill
and privilege were injured and damaged each and every year
since the beginning of the withdrawal of the water into the con-
duit, by reason of such continuing withdrawal, up to the date of
the writs.

The defendant justified its acts as having been done for the purpose of supplying the city and its inhabitants with pure water, under the St. of 1863, *c.* 163. It appeared that the defendant city passed certain ordinances, under this statute, the material parts of which are printed in the margin.*

* Section 1 of the ordinance passed November 30, 1865, provides that the commissioners, who may be appointed under the St. of 1863, *c.* 163, "shall be known and called by the name of the New Bedford Water Commissioners.'

Section 2 provides that "the New Bedford Water Commissioners aforesaid shall have full power and authority, during their continuance in office, to take, by purchase or otherwise, all such lands, waters and water rights, to make, in behalf of the city, all such contracts and agreements, to appoint and employ all such engineers, clerks, agents and laborers, and to procure and purchase all such implements and materials, as may be suitable and proper for facilitating, expediting and finishing the works, and for fully accomplishing the objects and purposes of the said statute in the most speedy, economical, advantageous, permanent and effectual manner."

Section 5 provides that "whenever the commissioners aforesaid shall take any lands, ponds or streams of water, for the purposes mentioned in the statute aforesaid, they shall without unnecessary delay make and deliver to the mayor of the city of New Bedford a certificate signed by them, containing a statement of the facts of such taking and a description of the lands, ponds or streams so taken, as certain as is required in the common conveyance of lands, and a statement of the purposes for which they are so taken, to the end that the mayor aforesaid may cause such description and statement signed by him to be filed in the office of the registry of deeds."

On November 21, 1867, the following ordinance was passed:

"Section 1. When the office of water commissioners shall cease under the operation of the act of the General Court of Massachusetts passed on the eighteenth day of April, 1863, entitled, ' An act for supplying the City of New Bedford with pure water,' all the rights, powers and authority given to the city of New Bedford by said act shall be exercised by said city as is set forth in the next section.

"Section 2. There shall be chosen by the city council in convention, on or before the thirtieth day of November, 1867, three commissioners, who shall hold their office for two years, or until the aqueduct and works shall be completed, whose duty it shall be to carry into effect all the provisions of the act aforesaid, and of the ordinance of the city, entitled, ' An Ordinance to regulate the proceedings of the commissioners for supplying the city of New Bedford with pure water,' said commissioners so chosen to have all the powers and to be subject to all the restrictions and limitations set forth in said act and ordinance, which were applicable to the water commissioners chosen in conformity therewith."

There were no proceedings of condemnation of the plaintiffs' water rights under § 5 of the ordinance of November, 1865, nor any notice shown of any purpose to do so, nor any hearing in respect thereof. No certificate was ever made as provided in § 5, nor any act of condemnation of any kind of any property or water rights of the plaintiffs or any of them, unless the acts of diverting and continuing to divert the water into said conduit as aforesaid, or unless the construction of the defendant's dam across the river, can be so regarded. The plaintiffs contendeo and offered to show that the construction of the dam from which the water was taken did not injure them at all, and that they were not injured until the actual diversion of the water into the conduit.

The judge reserved the case for the consideration of the full court upon the questions whether the defendant's justification was made out, and if not, for what period of time damages were assessable, and whether the plaintiffs had such a title or right as would enable them to maintain these actions or either of them.

T. M. Stetson, for the plaintiffs.

G. Marston & W. H. Cobb, for the defendant.

MORTON, J. The St. of 1863, c. 163, authorizes the city of New Bedford to take, hold and convey into the said city the waters of the Acushnet River and the waters which flow into and from the same, and to take and hold any land or water rights necessary for the purpose of conveying the water into the city. Section 3 provides for the election of three commissioners, who shall superintend and direct all the works, matters and things mentioned in the act, unless otherwise specially provided for, and who " shall be subject to such ordinances, rules and regulations, in the execution of their said trust, as the city council may from time to time ordain and establish, not inconsistent with the provisions of this act and the laws of this Commonwealth."

The city accepted the act, elected water commissioners, and passed an ordinance defining their duties. The second section of the ordinance provides that the water commissioners shall have full power to take, by purchase or otherwise, all such lands, waters and watr r rights, to make all such contracts, and to employ all such agen.s and servants, as may be proper for finishing

the works and accomplishing the objects of the statute. The fifth section provides that " whenever the commissioners aforesaid shall take any lands, ponds or streams of water, for the purposes mentioned in the statute aforesaid, they shall without unnecessary delay make and deliver to the mayor of the city of New Bedford a certificate signed by them, containing a statement of the facts of such taking, and a description of the lands, ponds or streams so taken, as certain as is required in the common conveyance of lands, and a statement of the purposes for which they are so taken, to the end that the mayor aforesaid may cause such description and statement signed by him to be filed in the office of the registry of deeds."

This ordinance is binding upon the mayor and the commissioners. It defines their duties and powers, making it the duty of the commissioners to file the required certificate, and of the mayor to sign it and cause it to be recorded in the registry of deeds. The legal effect is the same as if the provisions of the ordinance had been incorporated in the statute. This being so, the case at bar cannot be distinguished from the case of *Wamesit Power Co.* v. *Allen*, 120 Mass. 352.

As the commissioners have not made the certificate required by the ordinance, the taking and diversion of the water of the Acushnet River cannot be justified under the statute, but the city, under whose authority the commissioners acted, is liable in an action of tort to any person who has sustained damage by such unlawful diversion.

It follows that these actions can be maintained. The plaintiffs, in the action of Simeon Hawes and others, are partners, and " jointly possessed, occupied and operated the mill and privilege." The fee has not been conveyed to them, but they are exclusively entitled to the possession and use of the mill and privilege. The natural effect of the diversion of the water is to cause damage to their use and enjoyment of the privilege, and to injure their possessory rights. For damage of this character they may recover, if it has been sustained within six years from the date of their writ.

The clause in the several bonds to the plaintiffs, that the obligor, Lund, reserves " one eighth part of the damage that may be obtained from the New Bedford Waterworks," does not

affect the question. It could not give Lund the right to recover of the city damages for trespasses or other torts to the possessory rights of his tenants, and cannot be availed of by the city as a defence in this action.

In the action of Lund, the plaintiff can maintain his action, although, upon the evidence reported, he can recover only nominal damages. He is the owner of the mill and privilege. He has agreed to convey the estate to the plaintiffs in the other action, and they are in occupation of it, but until the conveyance they occupy it as his tenants, and the reversion is in him. For any temporary trespass, which injures only the present enjoyment of the estate, he cannot recover. But for any injury to his reversion he is entitled to maintain an action.

It is a settled rule, that where an act is done which violates the rights of any one, and which is of such a nature that, if it be continued for a sufficient period of time, the wrongdoer may acquire a title by adverse possession or presumption of a grant, the person whose rights are violated may maintain an action therefor without proof of any other actual damages. *Hastings* v. *Livermore*, 7 Gray, 194. *Elliot* v. *Fitchburg Railroad*, 10 Cush. 191. *Newhall* v. *Ireson*, 8 Cush. 595. *Webb* v. *Portland Manuf. Co.* 3 Sumner, 189. In this case, the defendant has constructed permanent conduits and other works for the purpose of supplying the city with water, and has withdrawn and is constantly withdrawing large quantities of water to the injury of the plaintiff's mill privilege, under a claim of right. If its acts are acquiesced in for a sufficient length of time, it might give the defendant a title by adverse possession. For this invasion of his right, the plaintiff Lund may maintain an action without proof of other actual damage.          *Cases to stand for trial.*