AMBROSE W. ISELE *vs.* ARLINGTON FIVE CENTS SAVINGS BANK.

Middlesex.   Feb. 1. — May 7, 1883.   FIELD & W. ALLEN, JJ., absent.

A payment or settlement of gross damages caused by the flowage from a mill-dam creates an incumbrance on the land flowed, which constitutes a breach of the covenants against incumbrances and of warranty in a subsequent deed of the land.

CONTRACT for breach of the covenants against incumbrances and of warranty in a deed of land from the defendant to the plaintiff. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, the material parts of which appear in the opinion.

*J. W. Hammond & J H. Hardy*, for the plaintiff.

*C. Robinson, Jr.*, (*G. A. Blaney* with him,) for the defendant.

DEVENS, J.   The defendant by warranty deed has conveyed to the plaintiff a certain tract of land, which is flowed or subject to be flowed in part by a mill-dam erected on the stream below. Previous to this conveyance, the former owner of the land had made such a settlement, by an agreement under seal duly recorded, with the owner of the mill, that all subsequent owners of the land then owned by him would be barred from suing for damages under the mill acts by reason of such flowage.   *Isele* v. *Schwamb*, 131 Mass. 337.   The defendant conveyed to the plaintiff with full covenants of warranty, and the question presented is whether the payment and settlement of the whole damages which then or thereafter might be caused by the flowage from the dam creates an incumbrance on the plaintiff's estate which

constitutes a breach of the covenant against incumbrances or of the more general covenant of warranty.

The right which the owner of a mill has to flow the lands above by his dam has been generally spoken of as an easement in the land flowed, and that is deemed to be subject to a servitude. *Isele* v. *Schwamb, ubi supra.* In some cases it has been defined as a right in the nature, not of an easement in favor of the proprietor below, or of an authority in him to make any actual use of another's land, but of an authority to use his own land and water privilege to his own advantage, even if thereby the lands of another are flowed, for which he must pay suitable damages. *Williams* v. *Nelson,* 23 Pick. 141. *Fitch* v. *Seymour,* 9 Met. 462.

It may be, as suggested in the argument for the defendant, that there has been some difficulty in finding an adequate and definite phrase to express the respective characteristics or qualities of the two parcels of land, but we do not think this occasions embarrassment in the case at bar. The act of the mill owner in flowing the land above him is the exercise of a statutory right, and it is equally a statutory right that the owner for the time being of the land flowed shall have compensation therefor. The right to damages, when this statutory right of flowing is exercised, passes to each successive owner of the land, as incident to the real estate, until it has been legally extinguished. If a proprietor deprives his estate of this incident, as he may do, and then sells it, he has incumbered it by his own act. In *Fitch* v. *Seymour, ubi supra,* Chief Justice Shaw remarks : " Strictly speaking, the right given by the mill acts to the mill owner is not that of flowing, or making any other direct use of his neighbor's land adjacent to the stream, above his own, but only to raise a dam on his own land, to a height sufficient to raise a suitable head of water, and to continue the same to his own best advantage, although the land of another is thereby flowed." But he adds : " We do not, however, mean to say that a right to keep up such a head of water, without payment of damages, may not, under some circumstances, be an incumbrance on the land. Such a charge might be created by grant; but such a grant would be the grant of an easement, or interest in land, and could only be made by writing."

The right to flow water back upon the land of another is not the less an easement in its nature because such other may lawfully wall or dike against it. Such right on his part diminishes the extent of the easement, but does not alter its character. Nor is the effect of the agreement in the case at bar different from that of a deed by which a charge on the land above would be created. The right to flow, indeed, contemplated by the agreement, proceeds from the right which the lower proprietor has by statute; but when the upper proprietor, by an instrument which binds subsequent owners of his land, authorizes the exercise of this right without those obligations to the upper proprietor required by statute, (namely, the payment of damages,) he has charged his land with an incumbrance.

In *Fitch* v. *Seymour*, *ubi supra*, it was not deemed necessary to determine whether the assessment of gross damages, and the payment of the same by the mill owner, would create an incumbrance. But in *Craig* v. *Lewis*, 110 Mass. 377, it is said by Mr. Justice Colt, in speaking of the right to damages in flowage cases: " It may be barred by grant of the owner executed with due formality, giving the right to flow permanently without compensation. It may be lost by prescription. And the assessment and payment of gross damages in proceedings under the mill act will without doubt extinguish the future right, and to that extent charge the land with an incumbrance." It is not the less charged with an incumbrance where an agreement such as this case discloses is executed by the landowner.

*Judgment affirmed.*