## DIANA M. HOOTEN *vs.* JOHN P. BARNARD.

Suffolk.   Jan. 15. — March 4, 1884.   C. ALLEN & HOLMES, JJ., absent.

To an action for maintaining an artificial structure on the defendant's land in such a manner that rain water which fell on the roof of the structure was thrown on the plaintiff's land, the defendant set up a right by prescription to have the water so flow. *Held,* that the burden of proof was on the defendant to show an open, continuous, and adverse use of such servitude; and that the burden was not sustained by proof that the artificial structure had been in the same condition for more than twenty years.

If the plaintiff in an action proves an invasion of his rights by the defendant, he is entitled to recover at least nominal damages.

MORTON, C. J.   This is an action of tort to recover damages of the defendant because he built his stable in such a manner that, for want of proper gutters and conductors, the rain water was collected and thrown upon the plaintiff's land.   The defendant set up in his answer, that he had gained by prescription the right to have the water from his stable flow upon the plaintiff's land.

It appeared, at the trial, that the defendant had maintained his stable, and the roof, gutter, and conductor, in exactly their present condition for more than thirty years, without objection or complaint on the part of the plaintiff or her predecessors in title.   At the close of the evidence, the defendant asked the court to rule that the action could not be maintained, which the court refused; and the defendant excepted.   As the bill of exceptions does not state what the evidence in the case was, we have no ground for holding that this ruling was erroneous. To maintain his defence, the burden was upon the defendant, to prove an open, continuous, and adverse use of the easement or servitude upon the plaintiff's land which he claimed.   *Brown* v. *King,* 5 Met. 173.   This burden is not necessarily sustained by proof of the mere fact that the stable has been in the same condition for more than twenty years.   The building of the stable, which is wholly on the defendant's land, was no assertion of any claim by him to the land of the plaintiff.   It does not even appear that water had been discharged upon the plaintiff's land for more than twenty years; but, if this be inferred, it does not appear whether it was so discharged by the defendant under a claim of right, or by the permission of the owners of the

plaintiff's land. The question how far and under what circumstances a man can acquire a right by prescription to a servitude upon the land of another, when his use is not continuous, but only in the nature of occasional acts of trespass, is one of difficulty, which we need not here consider. It is enough for the decision of this case to say, that, failing to set out the evidence, the defendant fails to show any error in the ruling of the Superior Court.

The ruling of the Superior Court upon the question of damages was sufficiently favorable to the defendant. As the plaintiff proved an invasion of her rights by the defendant, she was entitled to recover at least nominal damages. *Lund* v. *New Bedford*, 121 Mass. 286. The verdict was for $1, and the defendant has no ground of complaint.

*Exceptions overruled.*

*H. E. Swasey & G. R. Swasey*, for the defendant.
*J. F. Dore*, for the plaintiff.