## Chicago & Eastern Illinois R. R. Co.
### v.
## Englewood Connecting Ry. Co.

EMINENT DOMAIN.—The eminent domain statute is a remedial statute and should be liberally and beneficially construed. The court is of opinion that appellant has property vested under its lease which is embraced within the scope and intention of the statute.

APPEAL from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding. Opinion filed November 4, 1885.

Mr. William Armstrong for appellant; that an interest in the property was given by the grant, cited 1 Washburn on Easements, § 1, par. 5.

Messrs. Willard & Driggs, Mr. R. Biddle Roberts and Mr. F. J. Loesch, for appellee.

McAllister, J. This was a bill brought by the appellant in the court below against the appellee, for an injunction restraining the latter from constructing a railroad crossing for

its tracks over the tracks of the Chicago & Western Indiana R. R. Co. at a point on Wallace street, in the town of Lake, between 58th and 59th streets. The grounds upon which the injunction was prayed were, in brief, that before the appellee was created as a corporation, the appellant, by lease, duly executed and recorded, became the lessee of the tracks of the said Chicago & Western Indiana R. R. Co. from Dalton on the south to the northern terminus thereof in the city of Chicago, to the extent of a right to use the same for the running of its (appellant's) locomotive engines, cars and trains, for the term of 999 years at a certain annual rental, amounting to a large sum of money, to be paid by appellant to said Chicago & Western Indiana R. R. Co.; that the construction and use of said crossing would seriously interfere with appellant's use of said line of which it was such lessee, and result in great damage; that said Chicago & Western Indiana R. R. Co. was the owner of a perpetual easement in the street at the place in question; that by the lease of the latter to appellant, it acquired an interest therein as well as the right to the use of the tracks of the former; that to interfere with and disturb appellant injuriously in such use, constituted a damage to its property within the meaning of the clause of the constitution and provisions of the statute in that respect; that appellee not having made appellant a party to any proceeding for condemnation, or made any compensation for such damage, it should be restrained from putting in such crossing until the proper proceedings are had. The appellee answered, admitting appellant's lease-hold interest, set up by way of a bar, a proceeding in the county court under the eminent domain statute, after appellee's lease was so made and recorded, in which the lessor, said Chicago & Western Indiana R. R. Co. was alone made a party, and to which alone damages were awarded. The court below dissolved the temporary injunction it had awarded in this present suit, and dismissed appellant's bill.

We do not deem it necessary, nor incumbent upon us, in complying with the statutory requirement of stating briefly our reasons in writing, to attempt to set out the various pro-

visions of the very voluminous lease in question, or even an abstract or analysis of them; because there can be no question but it creates the relation, *quasi* at least, of landlord and tenant, and confers upon appellant a vested valuable interest in the tracks, with a right of user for 999 years, upon the condition, among others, of its payment of the large rent therein provided. The interest thus acquired, whatever it technically may be, is undoubtedly a right of property grafted upon, or incident to, the perpetual easement which the lessor had in Wallace street. Moreover, it became in the eye of the law, appellant's private property, and the question is, can it be damaged for public use, without just compensation? To us it is quite clear, that under § 2 of the Eminent Domain Act, appellant's lease being of record, it was the duty of appellee to have made the former a party with the lessor, the Chicago & Western Indiana R. R. Co.

The eminent domain statute is a remedial statute, and, as was said by Chief Justice Shaw in Parks v. Boston, 15 Pick. 203, "It is a remedial act, intended to carry into execution that most equitable provision of the constitution," that whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor. "To give effect to this highly important and equitable provision, it is necessary to construe the term *property* as including every species of valuable vested right." Ellis v. Welch, 6 Mass. 251; Railroad Co. v. Davis, 26 Pa. St. 238.

But under our constitution and statute, a party is entitled to compensation where his property is *damaged* for the public use. Rigney v. The City of Chicago, 102 Ill. 64.

The assessment of compensation to the Chicago & Western Ind. Co., in a proceeding to which appellant was not a party, and of which it had no notice, in nowise affects appellant's rights. There should be a separate award of each, lessor and lessee. It is not for us to say that appellant could be entitled to only nominal damages. There was no investigation in the court below as to the measure of damages. The case seems to have gone off upon the idea that appellant had no *property* to

be damaged within the proper construction of the statute and constitution. We are of opinion, that the statute being remedial, it should be liberally and beneficially construed; and that therefore, appellant has property vested under its lease, which is embraced within the scope and intention of the statute. If, upon a proper proceeding, the jury shall find only nominal damages, because no greater can be established, it will be proper to do so. N. O., M. & T. R. R. Co. v. Telegraph Co., 53 Ala. 211; Lund v. City of New Bedford, 121 Mass. 286.

We are of opinion that the court below erred in dismissing the bill for want of equity, and its decree must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Decree reversed.