## PARKER KENISON vs. INHABITANTS OF ARLINGTON.

Middlesex.   March 10, 11. — May 9, 1887.   FIELD, C. ALLEN, & GARDNER,
JJ., absent.·

If a statute authorizing a town to take land for waterworks requires the town to
file in the registry of deeds a description of the land so taken, and provides a
remedy for a person injured by the taking, a description filed by the town,
which includes land taken on which there is a dam and a mill privilege capable
of flowing adjacent·land, must include the land flowed, in order to enable the
town, in an action of tort by the owner of the land flowed, to justify under the
statute, and confine such owner to his statutory remedy.

If, under a statute authorizing a town to take land for waterworks, and requiring
the town to file in the registry of deeds a description of the land so taken, the
town takes land on which there is a dam and a mill privilege, attached to which
is a prescriptive right to flow certain meadows to a certain height, and describes
as taken "all the water rights and other privileges and appurtenances" of the
land taken, this is a taking and description only of the right to flow to the point
to which the owner of the prescriptive right was entitled to flow; and, in an
action of tort by the owner of the land flowed against the town, a special finding
by the jury that the town has flowed to a greater extent than the mill owner
had a right to before the taking by the town establishes the right of action.

HOLMES, J.   This is an action of tort for flowing the plain-
tiff's land.   The defendant justifies under the St. of 1873, c. 242,
and earlier acts, authorizing it to take lands for waterworks, &c.,
and under certain takings in pursuance of the statute.   As
usual, the act requires a description of the land taken to be filed
in the registry of deeds, and, if this condition applies to lands
flowed and was not complied with, the defendant's act was a
trespass.   *Wilson* v. *Lynn*, 119 Mass. 174.   *Wamesit Power Co.*
v. *Allen*, 120 Mass. 352.   *Lund* v. *New Bedford*, 121 Mass. 286.
*Warren* v. *Spencer Water Co.* 143 Mass. 9.   The descriptions
filed did not include the plaintiff's land, but did include land on
which there was a dam and a mill privilege, capable, we will
assume, of flowing it.

The first argument for the defendant, in logical order, is that
the right to maintain a dam for the purpose of a water supply
is no more an interest in land which the dam may cause to be
flowed than a similar right under the mill acts, which has been
declared not to be an interest in such lands ; *Lowell* v. *Boston*,
111 Mass. 454, 466, and cases cited ; that the statute only re-
quires a description to be filed of lands some interest in which

is taken, and therefore does not require a description of lands merely liable to be flowed; that § 4 provides a remedy for damage caused by the erection of a dam, as well when the damage does not amount to a taking of land as when it does; and that this remedy is exclusive.

But we are of opinion that the right to maintain a dam, under the act before us, in such a way as to flow other land unless dammed against, supposing the owner of the flowed land to have the right to protect it, is an easement over or interest in such land. Even under the mill acts, this is the law where the damages have been paid in gross. *Isele* v. *Arlington Savings Bank*, 135 Mass. 142; and there can be no doubt that it is so in other cases. See *Smith* v. *Langewald*, 140 Mass. 205. The St. of 1873 contemplates a payment in gross. The provision in § 4 for filing a petition within three years from the sustaining of damages does not mean that a new petition is to be filed every time that the plaintiff's land is flowed, the height of the dam remaining unchanged. If the right in question is an interest in the land flowed, it is land, within the St. of 1873, c. 242, § 3. Pub. Sts. c. 3, § 3, cl. 12. And the defendant, in order to justify under the statute and confine the plaintiff to his statutory remedy, must have filed a description of the lands flowed. See *Hazen* v. *Boston & Maine Railroad*, 2 Gray, 574, 580.

The second argument is that the land flowed was described. *Northborough* v. *County Commissioners*, 138 Mass. 263, was cited for the propositions that a description of land affected by the taking of a water right need not be filed, and that, by taking and filing a description of the dam, the defendant took and described the right to flow the neighboring lands, at least to the height possible with the dam as it was. But the case has no application to a right of flowage. There, the water above a certain dam was taken and described, and it was held that the description covered the water rights interfered with below the dam, the only interference with those rights being the withdrawal of the water described. But it can no more be held that to take and describe a dam which is merely capable of flowing adjoining land is either to take or to describe the adjoining land, than that to maintain such a dam for twenty years would gain

a right to flow the land which it was capable of flowing, unless it actually flowed it. See *Lawrence* v. *Fairhaven*, 5 Gray, 110, 119; *Ray* v. *Fletcher*, 12 Cush. 200, 208; *Daniels* v. *Citizens' Savings Institution*, 127 Mass. 534, 536 ; *Horner* v. *Stillwell*, 6 Vroom, 307.

Even if the plaintiff's land .was flowed by the dam as soon as the dam was taken, and such flowing amounted to a taking of the plaintiff's land, that fact would not enlarge the purport of a description of the dam, or, more accurately, of the land on which the dam stood, or make it a description of the land flowed. We are assuming, of course, for the moment, that the right to flow the plaintiff's. land was not already attached to the dam by previous dealings independent of the taking.

There was attached to the dam and mill privileges a prescriptive right to flow what were known as the Great Meadows, between September and May, to a certain height. We will assume that the fact that this right was used in connection with a mill did not confine it to use for mill purposes, but that, as against the plaintiff, it was a general right to flow. The defendant took and described " all the water rights and other privileges and appurtenances " of the land on which the dam stood. We assume that this covered the prescriptive rights attached to the dam. But it was not a taking of any rights from the plaintiff, but only of rights which Slocum, the owner of the dam, had gained from the plaintiff at an earlier day. It was not a taking or description of a right to flow beyond the point to which Slocum was entitled to do so.

The jury found specially that the defendant had flowed the plaintiff's land to a greater extent than the mill owners had a right to before the taking by the town. The plaintiff's right of action is established by this finding. For it is plain that the same reasoning which shows that a description of all the lands flowed must have been filed if the defendant got no rights from Slocum, also shows that a description must be filed of lands flowed which were not covered by Slocum's right. The case is not like those where all the water of a stream is taken in the first instance, although only a part of it is actually withdrawn. *Worcester Gas Light Co.* v. *County Commissioners*, 138 Mass. 289, 291.

The defendant's argument is confined to the general question of the plaintiff's right to maintain this action. That we have disposed of. Our only doubt has been on the question of damages, which was not argued. The bill of exceptions is obscure as to some of the facts bearing on this point. We do not gather with certainty that the right of flowage, although abandoned for mill purposes, was abandoned altogether, as the jury were instructed, but, as there is no evidence disclosed that Slocum's prescriptive right of flowage extended to the plaintiff's land, we do not think that we are warranted in ordering a new trial on that ground.                              *Exceptions overruled.*

*J. H. Hardy,* (*S. J. Elder* with him,) for the defendant.
*J. O. Teele,* (*G. A. Blaney* with him,) for the plaintiff.