MIDDLESEX COMPANY *vs.* CATHERINE LANE & another.

Middlesex.    March 29, 1889. — May 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Adverse Possession — Consent of Person disseised — Mill-Pond.*

The consent of a person disseised is not necessary to the acquisition of a title by adverse possession.

If the owner of a dam and of a mill-pond raised thereby and of the land under it is disseised of a portion of the land, no declaration of the abandonment by him of the right to flow such portion is necessary to prevent the acquisition of title to it by adverse possession.

BILL IN EQUITY to restrain the defendants from filling the mill-pond of the plaintiff, and to compel them to remove material already deposited in the pond. Hearing upon the pleadings and a master's report, before *Holmes*, J., who, at the request of the parties, reserved the case for the consideration of the full court, in substance as follows.

The master found the following facts. The plaintiff, a manufacturing corporation, was the owner of the mill-pond in question, which was raised by its dam, and of the land under the pond, and for thirty years and more had constantly used the water power thus created for manufacturing purposes. The plaintiff originally owned a strip of land upon the shore of the pond extending to a former water-line of the pond, and marked A upon a plan annexed to the report. The plaintiff had lost title to this strip of land by adverse possession, and it was owned by the defendants. The pond along the water side of the lot marked A was gradually filled by the acts of the defendants and their predecessors in title, among others, until another lot of land, marked B upon the same plan, was gradually formed in the pond adjoining the lot marked A, and extending from it into the pond.

The defendants claimed title to lot B by adverse possession, having had for more than twenty years before the filing of the bill, with their predecessors in title, the visible, notorious, distinct, and absolute adverse possession of the lot. The plaintiff has throughout this period of time, and prior thereto, continued to

use its pond to supply water power, and had done no positive act indicating an intention to abandon in any wise any of its rights.

The master declined to rule, as requested by the plaintiff, that where the ownership of the land flowed by a mill-dam is in the owner of the mill-dam, the mill, and the water privilege, and an artificial pond is created, title by adverse possession is not possible, unless continued upon the land made by the filling in by the mill-pond for twenty years, coupled with an abandonment of the mill-dam and water privilege by the mill-owner for the same period of time, accompanied with a declaration of abandonment to the party occupying the filled land adversely.

*B. F. Butler & P. Webster*, for the plaintiff.

*C. Cowley*, for the defendants.

HOLMES, J.   This is a bill brought to restrain the defendants from filling the plaintiff's mill-pond, and to compel them to remove earth by which a portion of the pond has been filled in. The master finds that the defendants own one lot of the land in question, styled lot A, and that they and their predecessors in title for more than twenty years before the filing of the bill in this case had the visible, notorious, distinct, and absolute adverse possession of another lot, styled lot B, which previously belonged to the plaintiff.   This imports that the plaintiff was excluded from the premises, and no declaration of abandonment on its part was necessary in order to bar its title.   The characteristic case of title by adverse possession is when it is acquired without the consent and against the will of the former owner. The evidence on which the master found as he did is not before us, so that much of the plaintiff's argument is beside the mark. If the land had belonged to the defendants before the filling, and they had built a dam excluding the plaintiff's water, the plaintiff's right of action (if it would have had one, *Storm* v. *Manchaug Co.* 13 Allen, 10, *Isele* v. *Arlington Five Cents Savings Bank*, 135 Mass. 142) would have been barred in twenty years, as in other cases of an interrupted easement.   *Smith* v. *Langewald*, 140 Mass. 205, 207.   In the present case the land had belonged to the plaintiff, the plaintiff was excluded from the land and from the exercise of the right of flowage incident to its title at the same time, and lost all rights together.

*Bill dismissed.*