HENRY P. DORMAN, and another, *vs.* BATES MANUFACTURING COMPANY.

SAME *vs.* MAINE CENTRAL RAILROAD COMPANY.

Androscoggin. Opinion March 3, 1890.

*Way. Deed. Plan. Estoppel. Dedication.*

When a grantor sells land by reference to a plan, and the plan bounds the land sold on a street, the purchaser thereby obtains a right of way in the street which neither the grantor, nor his successors in title, can afterwards

impair. But where the sale is not made by reference to a plan, the purchaser can not invoke such rule as to a right of way in the street.

If land be conveyed as bounded on a street, and the grantor at the time of the conveyance owns the land over which the supposed street passes, he and his successors in title may be estopped to deny to the grantee, and his successors in title, the use of it as a street. But one claiming the benefit of such an estoppel must rest his claim on his own title-deed, and not on the deed of another, through which he has not derived his title.

The Franklin Company in 1880, conveyed a tract of land, one side of which was bounded by "Mill street as at present defined and located by the Franklin Company." The grantee claimed that, being bounded on Mill street, he was entitled to an unobstructed way throughout the entire length of the street as it was laid down on the plan of a former owner, but not his grantor, recorded in 1855, and showing Mill street on it with a greater length than the one defined and located by the Franklin Company. In an action by the grantee for obstructing a part of Mill street, as contemplated on such plan of 1855, lying beyond the grantee's lot, and outside of the street as defined and located by the Franklin Company, it appeared that the company did not own that part of the street, at the date of its deed to the grantee. *Held,* that the grantee had failed to establish a title to the way so claimed. The way can not be held under deeds to other parties, for, to such deeds, he is a stranger; nor under his own deed, for, at the time of the conveyance to him, his grantor had no power to create or convey such right.

An incipient dedication of a street to the public, does not convey a right of way, until it has been accepted.

On REPORT.

These were actions on the case for obstructing a private right of way, claimed by the plaintiffs, over a strip of land in Lewiston, forty feet wide, lying between Main and Chestnut streets, and known as Mill street. The plaintiffs' title is by deed from the Franklin Company, dated March 24, 1880. This deed conveyed to them a lot fronting three hundred feet on Mill street and ninety-two and a half feet on Cedar street; also all said company's right, title and interest in a strip on the west side of Mill street forty feet wide, adjoining the above lot, and of the same length. The plaintiffs' land and the way claimed by them is delineated on the accompanying plan.

The following is the description of the east line of plaintiffs' lot first mentioned above:—"Beginning at the southeasterly corner of the premises herein conveyed, at the northwesterly corner of Cedar and Mill streets, as at present defined and located by

the Franklin Company; thence northerly by the westerly line of said Mill street about three hundred (300) feet to land belonging to the Union Water Power Company. * * *"

The deed, with special covenants of warranty, etc., contained a provision, "that said covenants shall not extend to said last described land ('the forty foot strip in Mill street') in respect to any rights in said Mill street heretofore conveyed."

It appeared from the evidence and admissions of the parties, that the Lewiston Water Power Company formerly owned the land over which this street was projected; and June 11, 1855, caused to be recorded, in the registry of deeds, a plan of its land, having thereon this street, sixty-seven feet wide. This way called "Mill" street extended from the Lincoln mills, north of Main street, in a southerly direction, crossing Main, Chestnut and Cedar streets towards the Androscoggin mill,—thus traversing the business section of the city.

After recording this plan, the Water Power Company sold various lots of land, and in 1857, the title to that company's land passed to the Franklin Company, which, later on, sold lots on the westerly side of Mill street, bounding them on the east by this contemplated street, but not referring to the above plan, or granting in express terms any rights of way in Mill street.

That part of this projected street or way, over which a right was claimed by the plaintiffs, was never opened, used, or wrought by the public or by private persons as a way, but was under the control of the Franklin Company, who owned the fee.

The Androscoggin Railroad, constructed prior to 1860, now Maine Central Railroad, from Brunswick to Lewiston enters Lewiston over the land originally intended as Mill street, taking twenty-seven feet along the easterly side of it for its location, and passes by the plaintiffs' land. The plaintiffs in their writ claim a right of way between Chestnut and Main streets forty feet wide, or that part of Mill street which was left after the railroad location had been taken.

Prior to the deed to the plaintiffs, and as early as June 23, 1879, the defendants, the Bates Company had, by purchase possessed itself of the legal title to all the land, including Mill

street, lying north of Chestnut for a distance of six hundred and ninety-four feet, and erected a brick building thereon;—which is one of the obstructions complained of by the plaintiffs.

It was admitted that on June 29, 1871, all the property of the Androscoggin R. R. Co., was leased to the Maine Central R. R. Co., the defendants, for nine hundred and ninety-nine years, and that the lessee corporation took possession and has since occupied and managed the same. It further appeared, that after the Bates Company had, by the deed of June 27, 1879 above referred to, purchased of the Franklin Company its unoccupied land, situated on that portion of the street together with the fee of Mill street and all interest of the Franklin Company therein, it likewise purchased the lots of all the abutters on the street. The defendant railroad, by deed dated December 8, 1881, purchased the fee of the Franklin Company in that portion of Mill street on the upper or northerly end of the disputed right of way, and has since occupied it for station and other railroad purposes.

It was contended in defense that these conveyances, and the building of the store-house had closed up this portion of Mill street, both on paper and on the earth, prior to the plaintiffs' title; also that all the abutters or parties interested in this upper portion of Mill street, north of Chestnut street, having released to one another their interests therein, the defendant railroad became possessed of the portion of Mill street in controversy, in this suit, discharged of all rights therein which might have accrued to any party owning land north of Chestnut street, by virtue of his deed.

The obstructions on this part of the disputed right of way erected by the railroad, as alleged by the plaintiffs, are buildings, fences, platforms, awnings and tracks.

The defendants were notified in writing December 21, 1888, to remove the obstructions.

Upon so much of the evidence as was legally admissible, the full court were to determine the rights of the parties, and pass such judgment and orders, as the legal rights of the parties required.

*N. and J. A. Morrill,* for plaintiffs.

The Franklin Company after acquiring the land in 1857, has from time to time sold and conveyed lots, bounding them on Mill street, thus making an irrecoverable dedication of the street to public uses. *Bartlett* v. *Bangor,* 67 Maine, 464; *Heselton* v. *Harmon,* 80 Id. 326; *Stetson* v. *Dow,* 16 Gray, 372, and cases cited; *Fox* v. *Union Sugar Refinery,* 109 Mass. 292; *Wyman* v. *Mayor,* 11 Wend. 486; *Cincinnati* v. *White,* 6 Pet. 431; *Farnsworth* v. *Taylor,* 9 Gray, 162. Estopped from denying its existence for the entire length. *Tobey* v. *Taunton,* 119 Mass. 404. Purchasers of a lot bounded upon such a street secures an indefeasible right of way over it. *Sutherland* v. *Jackson,* 32 Maine, 80; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Baxter* v. *Arnold,* 114 Mass. 577; *Ins. Co.* v. *Cousens,* 127 Mass. 258; *Rodgers* v. *Parker,* 9 Gray, 445; *In Re 39th St.,* 1 Hill, 191; *In Re 32d St.,* 19 Wend. 128; 2 Dill. Mun. Corp. § 640, note (3d Ed.); *Zearing* v. *Raber,* 74 Ill. 412; *Carter* v. *Portland,* 4 Ore. 339. Same, street not actually opened. *Livingston* v. *Mayor,* 8 Wend. 85; *In Re Lewis St.,* 2 Wend. 472; *In Re 17th St.,* 1 Wend. 262. Railroad took land by purchase and not by condemnation. *Sutherland* v. *Jackson,* 32 Maine, 80; *Tuttle* v. *Walker,* 46 Id. 280. Proof of actual damage not necessary. *Bolivar Co.* v. *Neponset Co.,* 16 Pick. 241; *Tuttle* v. *Walker, supra*; 2 Greenl. Ev. § 474. Plaintiffs entitled to an order of abatement. R. S., c. 17, § 13; *Davis* v. *Weymouth,* 80 Maine, 307, 310; *Cadigan* v. *Brown,* 120 Mass. 493; *Nash* v. *Life Ins. Co.,* 127 Mass. 91; *Tucker* v. *Howard,* 128 Mass. 362; *Atty. General* v. *Williams,* 140 Mass. 329. Plaintiffs not estopped by their silence or acquiesence. *Gray* v. *Bartlett,* 20 Pick. 193; *Brant* v. *Virginia C. & I. Co.,* 3 Otto, 326; *Solberg* v. *Decorah,* 41 Iowa, 501. Obstructions by plaintiffs, removed since decision of *Dorman* v. *Lewiston,* 81 Maine, 411, no defense. *Ricker* v. *Barry,* 34 Maine, 116, 122; *Sutherland* v. *Jackson,* 32 Maine, 80, 84; *Bartlett* v. *Bangor,* 67 Id. 460, 461. Easement not abandoned. *Barnes* v. *Lloyd,* 112 Mass. 224, 231, and cases cited; *Arnold* v. *Stevens,* 24 Pick. 106; *Bartlett* v. *Bangor, supra; Hoffman* v. *Savage,* 15 Mass. 130; *Smyles* v. *Hastings,* 22 N. Y. 217; *Dana* v. *Valentine,* 5 Met. 8, 14; *Dyer* v. *Sanford,*

9 Met. 395, 402; *Hayford* v. *Spokesfield*, 100 Mass. 491, and cases cited.

*White and Carter*, for defendants.

Way not one of necessity. Dedication to the public is one thing, the rights of a purchaser by virtue of his deed quite another. *Farnsworth* v. *Taylor*, 9 Gray, 162. A man can not have a right of way over his own land. *Clark* v. *R. R.*, 24 N. H. 114. Where a party sells lots by reference to such plan, owning the fee of the streets marked on the plan, the purchaser takes a right of way to be used in common with such others as may gain a right of way therein by future deed, but the general owner can not be said to own the unsold lots with such way attached. He owns the whole, subject only to the rights of way already granted, and at the time of any future sale of a lot he may carve out of this whole such right of way to go therewith as he thinks proper, and may limit it or restrict it as he thinks best. It is only when he does not limit or restrict it but sells generally by reference to the plan, that it is presumed that he intended to grant such way in all the street thereon delineated. If the deed enlarge or extend the way beyond that which the grantee would have gained by implication, the deed must control; likewise, if the deed limit or restrict the way in such a manner as to make it less than the grantee would have gained by implication, still the deed will control.

This is simply the general rule of law that, when parties have entered into contracts fully executed and expressed, the law will not interfere to modify their rights; it is only incomplete or partly-expressed contracts to which the law undertakes to supply the missing terms. It is simply a question of the intention of the parties. Judged by these rules the plaintiffs fail in either view that can be taken of their case.

Their deed is plain and unambiguous, defining the street to be Mill street as at present located and defined by the Franklin Company. As to what that location was there can be no doubt under the evidence in the case. In the broadest construction possible to be given to the deed of the plaintiffs it restricts them to the Mill street south of Chestnut street, but it is doubtful if

the deed can be held to grant them any right of way in Mill street whatever, when taken as a whole; for in its latter part it conveys to these plaintiffs the fee in so much of that street as is opposite this land, and that is of itself contradictory to the idea of a right of way. Can it be said that these parties intended that these plaintiffs should get the fee in that part of Mill street opposite their land and have the privilege of closing up that much, and yet have the right of way to themselves up and down through the remaining length of this street as originally marked out on the old plan?

But if we take the ground that the definition in the plaintiffs' deed is insufficient to determine the extent of the way, and it will depend on the extrinsic facts as they existed at the time of the conveyance, the case is still stronger for the defendants. The year before, the Franklin Company had released that portion of Mill street north of Chestnut street, up beyond the lot on which the Bates store-house was afterwards built, and it had been closed up on the plan, and the street itself had been effectually blockaded by the building of the store-house. All this had been accomplished before these plaintiffs had any interest in these lands, and they had both actual and constructive notice of it. As against a title, which these plaintiffs or any other subsequent purchaser might thereafter acquire, the Franklin Company had a perfect right to close up and sell that portion of Mill street. *Regan* v. *Boston Gas Light Co.*, 137 Mass. 37.

Having so sold and closed it up these plaintiffs could, at the time of the purchase of the land, get no right of way over the property of the Bates Company, for that company had acquired a good title to the land as against the Franklin Company, who were then the owners of the Dorman lot. In order for the estoppel to work, the Franklin Company must have been the owner of the land over which the way was to be located. *Fogarty* v. *Kemmell*, 105 Mass. 264.

Not being able to hold a right of way in this portion of the street by estoppel, and there being no such right appurtenant to the lot while in the hands of the Franklin Company, it seems that in any event the plaintiffs could get no right of way in that portion of the street deeded to the Bates Company.

The land owned by the defendant railroad is still further up beyond that of the Bates Company. The lot purchased by the plaintiffs has Cedar street running as a boundary for the whole length of one side, which is a public street, and Hines Alley extending the entire distance on another side, which is a public passage-way, and Mill street as then defined by the Franklin Company extended along another side of their lot and through from Cedar street to Chestnut street; and Chestnut and Cedar streets are two of the three principal streets running east and west in Lewiston, and connecting the lower level with the upper. The plaintiffs themselves took by their deed a conveyance of the fee of Mill street, which they were then occupying and continued to occupy, thereby acquiescing in the common judgment as to the needlessness of the way, and attempting on their part to close up the lower end of this way, which they now claim to have opened for the entire length of the city. What the actual intention of the parties was cannot be doubted; but if they failed to express it, and the law is to define a way by necessary implication, what reasonable ground can the plaintiffs have to ask that it be extended to the portion of the street, as laid down on the old plan, which these defendants own, and which is cut off from their lot by that portion of the way which the Bates Company has effectually closed up, and which never could have been of any use to the owners of the Dorman lot, even before that; for it was traversed by two unbridged canals, and was obstructed by a railroad bridge which has existed for years, and contained unfilled sags or gullies, so that it was not and could not be, safely used for the passage of teams? And to-day, were the Bates store-house out of existence, the way could be of no use to the owners of this lot unless accepted and opened as a street, and the canal bridged. They can only get on to this land of the defendants at the present time, in starting from their lot, by a route through Chestnut or Cedar streets to Lincoln street, and thence up Main street to the northerly end of the defendants' lot, where they might turn in and go down over this lot of land, and turn about and return to Main street. Can it be that any one would seriously claim that such a right was necessary, or even convenient, or profitable,

to the owner of the plaintiffs' lot. And much less reasonably might they claim that such way was necessary to extend the way opposite their lot, to such outlet or termination, as will make the way available for its intended purpose.

These plaintiffs, having joined with all the various parties interested in Mill street to close it up, down by their own lot, as appears by the various deeds in the case, and by their resistance to the laying out thereof by the city, and having failed to receive the public sanction for such closing of the westerly side of the street opposite their own lot, now seek to compel these defendants to open the land in question as way for them, contrary to the expressed intention of all parties concerned.

WALTON, J. Two actions are before the court involving substantially the same question. One is against the Maine Central Railroad Company, and the other is against the Bates Manufacturing Company. The question is in relation to a right of way.

The plaintiffs own land bounded on and extending across Mill street, in Lewiston. Mill street as it now exists, extends from Cedar street northerly to Chestnut street, a distance of about six hundred feet. As marked on a plan of the Lewiston Water Power Company, made in 1855, it extended northerly to Main street, a distance of over two thousand feet. The contention is in relation to that portion of the street which lies between Chestnut and Main street.

The plaintiffs obtained a title to their land by a deed from the Franklin Company, dated March 24, 1880 ; and they claim that being bounded on Mill street, they are entitled to an unobstructed way throughout the entire length of the street as it was laid

down on the plan of the Lewiston Water Power Company in 1855.

The defendants contend that the plaintiffs obtained at most only a right of way as far north as Chestnut street, that being the recognized and defined length of Mill street in that direction at the time of the conveyance to them. And they contend further, that at the time of the conveyance to the plaintiffs, their grantor did not own the land north of Chestnut street for more than six hundred feet, and therefore could not convey a right of way over it to any one.

We think the defendants are right in both positions.

We think the Mill street, referred to as a boundary in the plaintiffs' deed, is not the Mill street laid down on the old plan of the Lewiston Water Power Company. The old plan is not mentioned or referred to in any way. On the contrary, the language of the deed is, "Mill street, as at present defined and located by the Franklin Company." Not as located and defined by the old Water Power Company, but "as at present defined and located by the Franklin Company." This language implies that there had been a change in the location, and seems to have been employed on purpose to negative the idea that the old location was the one referred to. And we can not doubt that the plaintiffs so understood it. They knew that the Bates Company had purchased the land over which the old location passed immediately north of Chestnut street, and had erected expensive buildings upon it, one of which was a brick store-house costing $28,000. We are satisfied by the evidence that the plaintiffs must have known at the time of taking their deed that Mill street, "as defined and located by the Franklin Company," did not extend northerly of Chestnut street. The language of their deed warned them of a change, and what they had seen with their own eyes must have informed them of the extent of the change. It is undoubtedly true, as stated in *Bartlett* v. *Bangor*, 67 Maine, 460, that when a grantor sells land by reference to a plan, and the plan bounds the land sold on a street, the purchaser thereby obtains a right of way in the street which neither the grantor nor his successors in title can afterwards impair. But the conveyance to the plain-

tiffs can not be brought within this principle, for the reason that the sale to them was not made by reference to a plan. No plan of any kind is mentioned in their deed. A street was referred to; but the reference was to a street as then defined and located by the Franklin Company; and we are satisfied that that street did not extend north of Chestnut street. Other grantees may have obtained rights by a reference in their deeds to the plan of the Lewiston Water Power Company; but it is clear that the plaintiffs secured no rights by such a reference, for the reason that their deed contains no such reference.

But, suppose the plan of the Lewiston Water Power Company had been referred to in the plaintiffs' deed, and suppose the deed had contained, not merely an implied covenant, but an express covenant, that the grantees should have a right of way throughout the entire length and breadth of Mill street as thereon laid down, —what then? It is perfectly plain that they would not have obtained such a right of way. One can not convey what he does not own. One can not convey land, nor create an easement in it, unless he owns it. An attempt to do so may render him liable on the covenants in his deed; but neither the land nor the easement will pass. At the time of the conveyance to the plaintiffs, their grantor did not own the land over which they thereby claim to have obtained a right of way. Not only the land adjoining, but the road-bed itself, north of Chestnut street for a distance of 694 feet, had before that time been conveyed to the Bates Company, and been built upon, as already stated. It was, therefore, impossible for them to obtain, by a conveyance from the Franklin Company, the right of way claimed. The Franklin Company was then powerless to convey such a right. Before its conveyance to the Bates Company, it might have done so. After that conveyance, it was powerless to do so. *Oliver* v. *Pitman*, 98 Mass. 46, is a case directly in point. In that case, it was held that where the owner of land lays out a way through it, with lots on each side, and then conveys one of these lots with a right of way over the whole of it, and then conveys another lot together with the fee of the street in front of it, and then conveys a third lot bounding it on the same street opposite to the two lots before sold, the purchaser of the third lot gets no right of way in that portion

of the street, the fee of which had been conveyed to the second purchaser; and for the reason that his grantor was then powerless to place such an additional burden upon it; and the third purchaser could claim no rights under the deed to the first, because to that deed he was a stranger. So, in this case, the way in dispute can not be held by the plaintiffs under the deeds to other parties, for, to such deeds, they are strangers. They can not hold it under their own deed, for, at the time of the conveyance to them, their grantor had no power to create or convey such a right. And, furthermore, we are satisfied by the terms of their deed, when read in the light of the surrounding circumstances, that it was never intended to convey such a right, and can not be legally so construed as to convey it, either expressly or by implication, or by way of estoppel.

And, of course, the incipient dedication of the street to the public, does not convey a right of way to the plaintiffs, or to any one else, till accepted; and the evidence shows that that portion of the street north of Chestnut street, and in relation to which this litigation has arisen, has never been accepted, and probably never will be.

The whole extent of the doctrine in this class of cases is that, if land be conveyed as bounded on a street, and the grantor at the time of the conveyance owns the land over which the supposed street passes, he and his successors in title will be estopped to deny to the grantee and his successors in title the use of it as a street. But each one claiming the benefit of such an estoppel must rest his claim on his own-title deed, and not on the deed of another, through which he has not derived his title. *Howe* v. *Alger*, 4 Allen, 206; *Oliver* v. *Pitman*, 98 Mass. 46; *Fogarty* v. *Kemmell*, 105 Mass. 264; *Regan* v. *Boston Gas Light Co.*, 137 Mass. 36; *Bartlett* v. *Bangor*, 67 Maine, 460; *Heselton* v. *Harmon*, 80 Maine, 326.

The plaintiffs having failed to establish their title to the way claimed in their writs, judgment must be rendered for the defendants in each action.

*Judgment for defendants.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.