CHARLES F. STEVENS *vs.* CITY OF WORCESTER.
MARY B. STEVENS *vs.* SAME.

Worcester. September 29, 1914. — October 24, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Watercourse. Worcester. Beaver Brook. Nuisance.*

In an action of tort by an owner of land in Worcester that formerly abutted on a natural watercourse called Beaver Brook against that city for changing the channel of the brook and thus depriving the plaintiff of the use of its waters and impairing the value of his land, it appeared that St. 1901, c. 72, authorized the defendant "for the purpose of preserving the public health" to "straighten, deepen, widen, wall and improve the channel of Beaver Brook," and for that purpose to take any land within one thousand feet of the brook on either side thereof and to "take any easements and rights in any of said lands," and provided that the city within thirty days after any such taking should cause to be recorded in the registry of deeds a description of the property taken and a statement of the taking under the act signed by the mayor, that in November, 1908, the city council passed an order approved by the mayor purporting to take "all water rights and easements in and to the waters of Beaver Brook" and that in October, 1910, in accordance with another order, likewise passed and approved, the waters of the brook were diverted by the defendant into a new channel constructed by the defendant in land that had been taken by it under the act in 1905, but that after the order of taking of 1908 no description or statement as required by the act ever was caused to be recorded in the registry of deeds. *Held,* that there had been no valid taking of the water rights and easements of the plaintiff, so that he retained his property unaffected by the attempted taking; and that the orders and acts of the defendant could not be justified as constituting the abatement of a nuisance, because the plaintiff had been given no notice or opportunity to be heard before the passage of the orders and there had been no adjudication that any nuisance existed; and therefore that the plaintiff was entitled to go to the jury.

TWO ACTIONS OF TORT, each by an owner of land on Maywood Street in the city of Worcester formerly abutting on Beaver

Brook, a natural watercourse, against the city of Worcester, for changing the channel of that brook and diverting its waters, thereby depriving the plaintiffs of their use and impairing the value of the plaintiffs' land. Writs dated September 22, 1911.

In the Superior Court the cases were tried before *Aiken,* C. J., who in each case ordered a verdict for the defendant and at the request of the parties reported the cases for determination by this court, the essential facts reported being stated in the opinion.

*W. H. Whiting,* for the plaintiffs, was stopped by the court.

*C. S. Anderson,* for the defendant.

SHELDON, J. Each of these two plaintiffs owned property abutting upon Beaver Brook, and had and exercised riparian rights in its waters. In 1910 the defendant city, having constructed a new channel for the waters of this brook nowhere touching upon the lands of the plaintiffs, diverted those waters into the new channel and thereby wholly deprived the plaintiffs of their riparian rights. For this the plaintiffs can maintain their action, unless they previously had parted with their rights, or unless the defendant can justify what it has done. *Lund* v. *New Bedford,* 121 Mass. 286. *Kenison* v. *Arlington,* 144 Mass. 456. *Stevens* v. *Worcester,* 196 Mass. 45.

The defendant relies in the first place upon the authority given to it by St. 1901, c. 72. By § 1 of that act the defendant, "for the purpose of preserving the public health," was authorized to "straighten, deepen, widen, wall and improve the channel of Beaver Brook," and to "take by purchase or otherwise the lands, or any of them, within said city between the source of said brook and Middle River, and lying within one thousand feet of said Beaver Brook on either side thereof," and to "take any easements and rights in any of said lands." The second section of the act reads as follows: "When any of said lands, easements and rights are so taken, in any manner other than by purchase, the city shall, within thirty days after such taking, cause to be recorded in the Worcester district registry of deeds for the county of Worcester a description of the same as certain as is required in a common conveyance of land, with a statement that the same are taken pursuant to the provisions of this act, which said description and statement shall be signed by the mayor of the city; and

the title to all lands, easements and rights so taken shall thereupon vest in said city."

The defendant then in 1905, by a taking of which the validity is not disputed, took a strip of land which did not include any of the property of either of the plaintiffs, but did include a part of the location as it then was of the brook outside their lands. This taking did not destroy the plaintiffs' riparian rights or easements.

On November 9, 1908, the city council of the defendant passed an order, which was approved by the mayor on November 11, 1908, purporting to take "all water rights and easements in and to the waters of Beaver Brook." In October, 1910, in accordance with another order of the city council approved by the mayor, the waters of the brook were diverted into a new channel constructed by the defendant within the land taken in 1905, and the plaintiffs thus were deprived of the water rights and easements which had been appurtenant to their land. But after the taking of 1908 no description or statement, such as was required by § 2 of the act above quoted, was ever caused to be recorded in the registry of deeds. As the title to the rights and easements attempted to be taken was to vest in the defendant when and only when such record should be made, it follows that there was no legal taking of those rights and easements, and they remained the property of the respective plaintiffs. *Lund* v. *New Bedford,* 121 Mass. 286, 289. *Wamesit Power Co.* v. *Allen,* 120 Mass. 352. *Wilson* v. *Lynn,* 119 Mass. 174, 179. Accordingly the defendant cannot justify its action under the authority given to it by the statute.

The defendant contends, however, that independently of the statute it had the right to straighten, improve and alter the channel of the brook for the purpose of protecting the public health under its police power; that there was here a public nuisance which needed to be abated for the preservation of the public health; and that the defendant could not be held liable for having abated the nuisance. *Baker* v. *Boston,* 12 Pick. 184, 192. *Merrifield* v. *Worcester,* 110 Mass. 216, 221. *Bancroft* v. *Cambridge,* 126 Mass. 438, 441. It is true that in the statute of 1901 already cited the authority given to the defendant was stated to be "for the purpose of preserving the public health," and that in the orders passed by the city council in 1905 and 1908 it was said that it was "adjudged" or that it was "judged necessary for the purpose of

preserving the public health . . . to straighten, deepen, widen, wall and improve the channel" of the brook. But the statute falls far short of declaring the existence of a public nuisance. It does not appear that either of the plaintiffs had any notice or any opportunity to be heard before the passage of the orders, or that there had been any adjudication that a public nuisance existed here. Such notice and adjudication were necessary before the property rights of the plaintiffs could be taken away. *Belcher* v. *Farrar,* 8 Allen, 325, 328. *Sawyer* v. *State Board of Health,* 125 Mass. 182. *Miller* v. *Horton,* 152 Mass. 540. *Stone* v. *Heath,* 179 Mass. 385. *Belmont* v. *New England Brick Co.* 190 Mass. 442. *Durgin* v. *Minot,* 203 Mass. 26. The reasoning in *Salem* v. *Eastern Railroad,* 98 Mass. 431, and *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, does not on the facts of this case lead to any different conclusion. Nor does the report indicate that there was in fact any nuisance. The defendant upon the evidence had no right to appropriate the property of the plaintiffs except under the act of 1901.

The bringing by the first named plaintiff of a petition for the assessment of his damages caused by the taking of 1905 does not prevent him from maintaining this action. His water rights and easements had not been taken, and he could recover no damages for such a taking. If their value had been diminished by the taking of 1905, that might affect the amount of damages to be recovered in this action, but it could have no other effect.

Nor for like reasons is the action of the second named plaintiff barred by the fact that she acquired her title from Thayer in 1909, after the taking of 1905 and the attempted taking of 1908. She acquired the rights and easements appurtenant to her land as they existed when she took her deed, unaffected by the void taking which was attempted in 1908.

Each one of these actions should have been submitted to the jury. The verdicts for the defendant must be set aside, and new trials must be had.

*So ordered.*