STATE OF MAINE                                                   SUPERIOR COURT
CUMBERLAND, ss.                                                                         CIVIL ACTION
                                                                                   DOCKET NO. CV-08-603

STEPHEN A. BIANCO, et al.,

       Plaintiffs

   v.                                                              ORDER

PETER W. COLE, et al.,

       Defendants

Before the court is a motion for summary judgment by defendant Peter Cole.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the material facts are undisputed. See Statement of Material Facts filed by plaintiffs Stephen and Kathleen Bianco on January 8, 2009. The only disputed fact in that statement of fact is whether the 1982 deed to Cole's predecessors in title contains a reservation of a right of way. See id. ¶7. The court agrees with counsel for

Cole that this presents an issue of law. See Cole Reply memorandum dated January 14, 2009 at 2.

Cole and the Biancos are both landowners in a subdivision located in Harrison, Maine on the easterly shore of Long Lake. The original owners of the land constituting the subdivision were Edward and Helen Dennis. A Subdivision Plan (exhibit 3 to Cole's Statement of Material Facts) was recorded on May 14, 1965. The Subdivision Plan includes two narrow parcels which bear the designation "Right of Way" and which provide access to Long Lake. One of those parcels – the property at issue in this litigation – is a 40' wide strip that is located between shorefront lots 23 and 24.

After filing their subdivision plan in 1965 the Dennises eventually conveyed Lots 18, 18A, and 19 to Charles and Louise Murray (defendant Cole's predecessors in title) by deed dated September 17, 1982. That deed referenced the subdivision plan. It also conveyed a lot marked "right of way" that the parties agree is the parcel located between Lots 23 and 24, stating "[t]he last described parcel of land is conveyed subject to all rights of way of record."

Subsequently, on October 9, 1985, the Dennises conveyed lots 10, 11, 12, and a lot designated as a "well" adjacent to lot 13 to the Biancos' predecessor in title. That deed also stated that it conveyed to the grantees a right of way, in common with others, over the parcel previously conveyed to the Murrays that was designated as "right of way" on the subdivision plan.

The Biancos now claim that they have a continuing easement to use the right of way to Long Lake between Lots 23 and 24 and defendant Cole argues that no such easement exists.

Under Bartlett v. City of Bangor, 67 Me. 460, 464-65 (1878), when an owner of land subdivides that land into streets and building lots pursuant to a subdivision plan

2

and then sells one or more of the lots by reference to the plan, the owner "thereby annexes to each lot sold a right of way in the streets, which neither he nor his successors in title can afterwards interrupt or destroy." Accord, Callahan v. Ganneston Park Development Corp., 245 A.2d 274, 278 (Me. 1968). While Bartlett applies to streets shown on a subdivision plan, neither party appears to contest here that the same principle would apply to rights of way shown on a subdivision plan.

A subsequent case – relied on by Cole – indicated that a different principle may apply with respect to subsequent purchasers if the developer has previously conveyed fee title to the street or right of way because in that case the developer no longer retained any interest in the street or right of way, and one cannot convey what one does not own. Dorman v. Bates Manufacturing Co., 82 Me. 438, 448, 19 A. 915, 916 (1890). This portion of the Dorman opinion was dicta, but even assuming that it accurately states the law, it addresses a situation where the developer has conveyed the street or right of way without reservation.

In contrast, the 1982 deed from the Dennises to Cole's predecessors in title in this case adequately reserved a right of way benefiting the other residents of the subdivision. That deed expressly references the subdivision plan recorded in the Cumberland County Registry at Book 69, Page 27 (exhibit 3 to Cole SMF) and states that the right of way lot is conveyed "subject to all rights of way of record." In the court's view that would include the rights of way shown on the subdivision plan and is adequate to comply with 33 M.R.S. § 201-A(2).

Cole's predecessors in title, therefore, took the lot marked "right of way" between Lots 23 and 24 subject to an easement benefiting the other landowners in the subdivision.

3

The entry shall be:

Defendant Cole's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: July 9, 2009

Thomas D. Warren
Justice, Superior Court

4

STEPHEN A BIANCO ET AL VS PETER W COLE ET ALS
UTN:AOCSsr  -2008-0119997                    CASE #:PORSC-CV-2008-00603
--------------------------------------------------------------------------
SEL VD                                 REPRESENTATION TYPE      DATE
01 0000002135 ATTORNEY:SAWYER, LAWRENCE
ADDR:PO BOX 1177 WINDHAM ME 04062
    F FOR:STEPHEN A BIANCO                  PL          RTND   10/23/2008
    F FOR:KATHLEEN BIANCO                   PL          RTND   10/23/2008


02 0000003649 ATTORNEY:SPARKS, ANDREW
ADDR:ONE MONUMENT WAY PORTLAND ME 04101
    F FOR:ROSE ANN HARDY                    DEF         RTND   11/06/2008


03 0000007564 ATTORNEY:WALL, JOHN
ADDR:95 EXCHANGE ST PO BOX 7046 PORTLAND ME 04112-7046
    F FOR:PETER W COLE                      DEF         RTND   10/22/2008


        Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.