### NELLIE M. BROWN vs. JENNIE C. STATTER.

Suffolk.    March 14, 1910. — May 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equity Jurisdiction*, To relieve from the results of fraud.    *Fraud.*

In a suit in equity it appeared that the defendant agreed to sell to the plaintiff the furniture in a certain lodging house, which the plaintiff had inspected, and had prepared and delivered to the plaintiff a bill of sale describing the furniture, that as the consideration therefor the plaintiff gave to the defendant, besides some cash, several negotiable promissory notes, secured by a mortgage on the furniture, that at the time of the delivery of the bill of sale to the plaintiff and of the receipt from the plaintiff of the cash and the notes, the defendant intended surreptitiously to remove from the premises certain of the articles of furniture and to substitute in their places articles of less value, and did so before the plaintiff arrived at the house on the day after the delivery of the bill of sale. The prayers of the bill sought among other things to restrain negotiation of the notes given to the defendant by the plaintiff and for a return of the property removed by the defendant or for damages. A final decree was made awarding the plaintiff damages and costs and directing that in payment thereof the defendant should deliver to the plaintiff several of the notes above referred to which then were overdue and unpaid. The defendant appealed and contended that the suit should be dismissed because the plaintiff had a complete and adequate remedy at law. *Held*, that the appeal must be dismissed, because, the sale hav-

ing been procured by the defendant with the fraudulent intention of taking away the furniture surreptitiously, the court of equity had jurisdiction to relieve the plaintiff from the consequences of negotiation to a holder for value of any of the notes thus procured by fraud.

BILL IN EQUITY, filed in the Superior Court on September 16, 1909, alleging in substance that on July 9, 1909, the defendant sold to the plaintiff the household furniture in a lodging house which the defendant was maintaining at number 12 Union Park in Boston; that a bill of sale thereof was given by the defendant to the plaintiff; that the plaintiff paid to the defendant $400 in cash and gave her $500 in ten promissory notes secured by a mortgage on the same furniture; that on July 10, 1909, the defendant removed "and converted to her own use" many of the articles of furniture described in the bill of sale.

There also were allegations that a number of articles sold to the plaintiff were omitted from the bill of sale, that the defendant wrongfully collected from one of the lodgers and refused to deliver to the plaintiff rent amounting to $10 which should have been paid to the plaintiff, and that the plaintiff was induced to purchase the furniture from the defendant by false and fraudulent representations of the defendant to the effect that all the rooms in the house were let. These allegations became immaterial because the master to whom the case was referred found that they were not supported by the evidence.

The prayers of the bill were for a temporary injunction restraining a sale or transfer of the mortgage on the furniture given by the plaintiff to the defendant, for a cancellation and reformation of the instrument, for an order directing the defendant "to produce the property converted . . . and deliver the same to the plaintiff, or that judgment for the value of the said property be entered for the plaintiff."

The case was referred to Edwin N. Hill, Esquire, as master. Besides the findings above referred to, he found and reported that, before the completion of the transaction between the plaintiff and the defendant, the plaintiff had been over the premises and had examined the furniture there, that the bill of sale was delivered by the defendant's agent to the plaintiff and the mortgage and mortgage notes were signed and were delivered by the plaintiff to the defendant's agent on the evening of July 9; that

on the same evening or the next morning the defendant surreptitiously removed from the premises some of the articles, which were described in the bill of sale and which the plaintiff had seen on the premises, and substituted in their places other articles ; that the value of the articles so removed was $145.50.

Neither party filed any exceptions to the master's report. The case was heard on the question of a final decree by *Fessenden*, J., and a decree was entered confirming the master's report, ordering the defendant to pay to the plaintiff $145.50 and interest and costs, which payment was to be made by the surrender to the plaintiff of four of the notes given by her to the defendant, the plaintiff paying to the defendant any excess in amount of such notes beyond the amount ordered to be paid by the defendant as above described.   The defendant appealed.

Other facts are stated in the opinion.

*J. L. Keogh*, (*C. Toye* with him,) for the defendant.

*F. P. Carr*, for the plaintiff.

LORING, J.   The only defense set up is that the wrong done the plaintiff was a conversion, and for that her remedy is by an action at law.

The master has not found in terms when the title to the furniture was to pass to the plaintiff.   He has found with respect to most of the articles here in question, that they were not delivered to the plaintiff when the list of the furniture was delivered on July 10.   It would seem from this that the title was not to pass until the morning of July 10, that is to say, until after these articles had been surreptitiously removed by the defendant.

But that is not material.   It was as much a fraud to remove the articles surreptitiously after the title had passed provided it was the intention of the defendant to do so when she delivered the bill of sale and took back the mortgage.   And we find that to be the fact.

The defendant originally held ten negotiable notes signed by the plaintiff and secured by mortgage for the full amount which would have been due had all the articles exhibited been delivered, and in that mortgage is a covenant on the plaintiff's part that she is the lawful owner of the articles never delivered to her by the defendant.

It appears from the decree that at the date of the filing of the bill eight of these notes had not become due.

The plaintiff would have had no defense to these notes, or to an action for breach of her covenant in the mortgage, if the notes had come into the hands of a *bona fide* purchaser for value.

Taking these notes and this mortgage from the plaintiff under these circumstances was a fraud on the defendant's part against which the plaintiff is entitled to relief in equity.

The plaintiff was entitled to have the mortgage reformed as well as the notes surrendered. In that respect the decree entered did not give the plaintiff all she was entitled to. But she has not appealed from it. *Braman* v. *Foss*, 204 Mass. 404.

The entry must be

*Decree affirmed.*